Case Nos. 23-3089 and 23-3142

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

---

TRU MOBILITY, INC.,
Plaintiff - Appellant,

vs.

BRIGGS AUTO GROUP, INC.,
Defendant - Appellee.

---

Appeal from the U.S. District Court for the District of Kansas
Honorable Julie A. Robinson, United States District Judge
Case No. 21-cv-04071-JAR

---

APPELLANT'S APPENDIX
Volume 3 of 3 (pp. 512-591)

---

Jonathan Sternberg, Kan. #25902
Brody Sabor, Kan. #29643
*Jonathan Sternberg, Attorney, P.C.*
2323 Grand Boulevard #1100
Kansas City, Missouri 64108
Telephone: (816) 292-7020
Facsimile: (816) 292-7050
jonathan@sternberg-law.com
brody@sternberg-law.com

Ronald S. Weiss
*Berman, Deleve, Kuchan &*
 *Chapman, LLC*
1100 Main Street, Suite 2850
Kansas City, Missouri 64105
Telephone: (816) 471-5900
Facsimile: (816) 842-9955
rweiss@bdkc.com

COUNSEL FOR APPELLANT

# Table of Contents

**Volume 1 of 3 (pp. 1-247)**

District Court's Docket.................................................................. 1

Doc. 1: Notice of Removal (Oct. 18, 2021) ............................... 10

    Doc. 1-1: Exhibit A: Amended State Court Petition (Riley
    County, Kansas) (Sep. 15, 2021) ...................................... 14

Doc. 6: Proof of Service and Notice of State Court Pleadings
(Oct. 27, 2021) ................................................................. 19

Doc. 7: Answer to Amended Petition with Counterclaim
(Nov. 3, 2021) ................................................................. 34

Doc. 14: Amended Complaint (Dec. 30, 2021)........................... 60

Doc. 16: Answer to Amended Complaint with Counterclaim
(Jan. 7, 2022)................................................................... 63

Doc. 21: Plaintiff's Answer to Defendant's Counterclaim
(Jan. 28, 2022)................................................................. 89

Doc. 67: Pretrial Order (Dec. 19, 2022)................................... 96

Doc. 71: Defendant's Motion for Summary Judgment
(Jan. 30, 2023)............................................................... 110

Doc. 73: Defendant's Memorandum in Support of Its Motion for
Summary Judgment (Jan. 30, 2023) .............................. 112

    Doc. 73-1: Exhibit A: Affidavit of Justin Housman
    (Jan. 30, 2023) ............................................................. 140

    Doc. 73-2: Exhibit B: Deposition of Steven Barnett
    (Oct. 4, 2022) ............................................................... 145

    Doc. 73-3: Exhibit C: Deposition of Justin Housman
    (Jan. 19, 2023) ............................................................. 184

    Doc. 73-4: Exhibit D: Preliminary Quote from Tru Mobility
    (Oct. 25, 2016) ............................................................. 202

Doc. 73-5: Exhibit E: Defendant's Proposed Offer of Terms
(Oct. 28, 2016) ................................................................204

Doc. 73-6: Exhibit F: Service Order Agreement A
(Jan. 11, 2017) ...............................................................210

Doc. 73-7: Exhibit G: Service Order Agreement B
(Jan. 11, 2017) ...............................................................212

Doc. 73-8: Exhibit H: Service Order Agreement C
(Jan. 11, 2017) ...............................................................214

Doc. 73-9: Exhibit I: Addendum to Service Order Agreements.......216

Doc. 73-10: Exhibit J: Tru Mobility Standard Terms and
Conditions........................................................................221

Doc. 73-11: Exhibit K: Defendant's Notice of Cancellation
(Sept. 10, 2019)...............................................................232

Doc. 73-12: Exhibit L: Plaintiff's Damage Summary......................233

**Volume 2 of 3 (pp. 248-511)**

Doc. 77: Plaintiff's Memorandum in Opposition to Defendant's
Motion for Summary Judgment .......................................248

Doc. 77-1: Exhibit 1: Service Order Agreement A (Jan. 11, 2017) ..254

Doc. 77-2: Exhibit 2: Service Order Agreement B (Jan. 11, 2017) ..256

Doc. 77-3: Exhibit 3: Service Order Agreement C (Jan. 11, 2017) ..258

Doc. 77-4: Exhibit 4: Addendum to Service Order Agreements ......260

Doc. 77-5: Exhibit 5: Tru Mobility Standard Terms and
Conditions........................................................................265

Doc. 77-6: Exhibit 6: Defendant's Notice of Cancellation
(Sept. 10, 2019)...............................................................276

Doc. 77-7: Exhibit 7: Affidavit of Steven Barnett (Mar. 15, 2023) ..277

Doc. 77-8: Exhibit 8: Revised Damage Calculations Spreadsheet
by Contract ......................................................................282

Doc. 77-9: Exhibit 9: Deposition of Steven Barnett (Oct. 4, 2022) .. 284

Doc. 77-10: Deposition of Justin Housman (Jan. 19, 2023) ............. 440

Doc. 77-11: Plaintiff's Response to Defendant's Notice of
Cancellation (Nov. 15, 2019) ....................................................... 511

**Volume 3 of 3 (pp. 512-591)**

Doc. 80: Defendant's Reply in Support of its Motion for Summary
Judgment (Apr. 6, 2023) .................................................... 512

Doc. 81: Stipulation of Voluntary Dismissal Without Prejudice
(Apr. 6, 2023) ................................................................. 519

Doc. 82: Memorandum and Order (Apr. 17, 2023) ............................ 520

Doc. 83: Judgment in a Civil Case (Apr. 17, 2023) ............................ 532

Doc. 84: Defendant's Motion for Attorney Fees and Costs With
Certificate of Attempt to Confer (May 1, 2023) ............................ 533

Doc. 86: Notice of Appeal (May 17, 2023) ............................................ 569

Doc. 93: Plaintiffs Response to Defendants Motion for Attorneys
Fees and Statement of Consultation (June 30, 2023) ..................... 570

Doc. 94: Defendant's Reply in Support of Its Motion for Attorney
Fees and Costs (July 12, 2023) ........................................................ 572

Doc. 95: Memorandum and Order (Aug. 2, 2023) ............................... 577

Doc. 96: Judgment in a Civil Case (Aug. 2, 2023) ............................... 590

Doc. 97: Notice of Appeal (Aug. 2, 2023) ............................................ 591

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| TRU MOBILITIY, INC. | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | |
| | ) | |
| vs. | ) | Case No. 5:21-cv-04071-JAR-TJJ |
| | ) | |
| BRIGGS AUTO GROUP, INC. | ) | [Formerly District Court of Riley |
| | ) | County, Kansas, Case No. RL-2021 |
| Defendant/Counterclaim Plaintiff. | ) | CV-000099] |
| | ) | |

## DEFENDANT'S REPLY IN SUPPORT OF ITS
## MOTION FOR SUMMARY JUDGMENT

The Defendant, Briggs Auto Group, Inc. ("Briggs"), by and through counsel Terry A. Iles of the Law Office of Terry A. Iles, hereby provides the Court with its Reply in Support of its Motion for Summary Judgment.

As to the content of the Response, Defendant Briggs believes that the Plaintiff has not asserted any material fact or argument demonstrating that there is a genuine issue of material fact as to reason for denying summary judgment.   Thus, the Defendant's Motion for Summary Judgment should be granted in its entirety.

## I.    DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS.

Kansas District Court Rule 56.1 provides, in relevant part,

> A memorandum in opposition to a motion for summary judgment must begin with a section containing a concise statement of material facts as to which the party contends a genuine issue exists.  **Each fact in dispute must be numbered by paragraph, refer with particularity to those portions of the record upon which the opposing part relies, and, if applicable, state the number of the movant's fact that is disputed**.

Kansas District Court Rule 56.1(b)(1), (bold emphasis added).  Based upon Kansas District Court Rule 56.1, the Plaintiff was required to address each material fact that it contended was a disputed, material fact.

In its Memorandum in Support of its Motion for Summary Judgment, Defendant Briggs asserted 80 separately numbered paragraphs of material facts that it believes established there is no genuine issue of material fact as to the Plaintiff's claim for breach of contract.  Yet, the Plaintiff only addressed 9 of the 80 paragraphs.  Nothing more.  As such, any statement of fact not specifically addressed by the Plaintiff should be considered uncontroverted under Kansas District Court Rule 56.1(a).

Of the 9 facts addressed, the Plaintiff simply did not controvert any of those facts.  Rather, the Plaintiff merely relies upon a self-serving affidavit.  Moreover, the Plaintiff consistently fails to comply with Kansas District Court Rule 56.1(b)(1) when it fails to "refer with particularity to those portions of the record upon which the opposing party relies."  Essentially, the Plaintiff only references exhibit number, and never actually sets forth anything material that controverts the Defendant's statement of fact.  *See Cross v. Home Depot*, 390 F.3d 1283, 1290 (10th Cir. 2004), (explaining that, on a motion for summary judgment, " 'it is the [sic] party's burden to ensure that the factual dispute is portrayed with particularity, without ... depending on the trial court to conduct its own search of the record' " and the district court has no obligation " 'to comb the record in order to make [the party's] arguments for him' ").  *See also Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1546 (10th Cir. 1995), (recognized that "[j]udges are not like pigs, hunting for truffles buried in briefs."), (*quoting United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir.1991).  As such, the Plaintiff's response to the Defendant's statement of facts should be summarily disregarded for its

failure to comply with Kansas District Court Rule 56.1(b)(1) and the Defendant's statement of facts should be considered uncontroverted.

## II.   ARGUMENTS AND AUTHORITIES

In its Motion for Summary Judgment, Defendant Briggs demonstrated, which was admitted by the Plaintiff, that the parties negotiated and contracted with the full understanding and agreement that the contract term would only be 36-months.  (Defendant' SOFs 31-36, 47, and 55) Nothing more.  Defendant Briggs further demonstrated that Contract A, Contract B and Contract C (collectively, the "Contracts") automatically expired at the end of the 36-month term based upon the language contained in the contract documents and that it fully paid for all product and services provided during the contract term.  As such, Defendant Briggs did not commit breach of contract and its Motion for Summary Judgment should be granted in its entirety.

For purposes of summary judgment, Defendant Briggs recognizes that it bears the burden of making a prima facie demonstration of the absence of a genuine issue of material fact and also entitlement to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  Defendant Briggs believes that it has met this initial burden, in that it has demonstrated in its Motion for Summary Judgment the absence of a genuine issue of material fact and that it should be granted judgment as to the Plaintiff's claim for breach of contract.  The burden then shifts to the Plaintiff to set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find and deny summary judgment.  Fed.R.Civ.P. 56(e); *see also Lujan v. National Wildlife Fed'n,* 497 U.S. 871, 888–89, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990); and *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548.  To accomplish this, the material facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein. *See Thomas v. Wichita Coca–Cola Bottling*

*Co.,* 968 F.2d 1022, 1024 (10th Cir.), *cert. denied,* 506 U.S. 1013, 113 S.Ct. 635, 121 L.Ed.2d 566 (1992).  However, Defendant Briggs believes that the Plaintiff has not come forward with any facts demonstrating a genuine issue of material fact for purposes of denying summary judgment.

In its Response, pages 4 through 5, the Plaintiff primarily argues that Defendant Briggs is not correct as to the dates when services began.  Yet, the Plaintiff then states that the starting date is immaterial.  Obviously, the Defendant has not read or applied the Standard Terms and Conditions and Addendum to fully understand the contract "Term" and when it actually expires. Put it another way, the Plaintiff has failed to demonstrate *how* the contract documents show that Defendant Briggs committed breach of contract after the expiration of the contract "Term" and *how* Defendant Briggs is liable for alleged damages incurred after the expiration of the 36-month "Term."  (emphasis added)  The Plaintiff simply has not made the connection.

In the billing summary attached to its Response as Exhibit 8, the Plaintiff uses and relies on terms that are not contained or defined in the contract documents.  For example, Activation Date, Cancel Date, Active Months, Remaining Months, and Units.  While some of these terms may be self-explanatory, they simply are not used in the contract documents to influence whether or not Defendant Briggs committed breach of contract.

If this Honorable Court were to accept the Plaintiff's position as true then it would need to determine that each individual product or service has a separate and distinct contract, that each individual contract has a 36-month term and that Defendant Briggs is liable for the gross amount of each individual contract, regardless of any other term or condition contained in the contract documents.  If that were the case, many of the terms and conditions contained in the contract documents would be meaningless.  In particular, paragraph 2 under the Addendum, Applicable to All Contracts, which provides, "[a]ny new or future executed contracts will terminate at the same

**515**

date as the original contracts as referred to in this addendum," (i.e. Contract A, Contract B and Contract C). (See Defendant's SOF 52)

> When interpreting contractual provisions, courts 'will not interpret a contract in such a way as to render provisions meaningless when there is a reasonable interpretation that does not do so.' Instead, courts must strive to interpret a contract in such a way as to give meaning to all provisions while doing violence to none.

*Bethany Trace Owners' Ass'n, Inc. v. Whispering Lakes I, LLC*, 155 So. 3d 1188, 1191 (Fla. Dist. Ct. App. 2014), (citations omitted).

*See Philip Morris Inc. v. French*, 897 So. 2d 480, 488 (Fla. 3d DCA 2004), (citation omitted), (noting that "[c]ourts are required to construe a contract as a whole and give effect, where possible, to every provision of the agreement"); *see also PNC Bank, N.A. v. Progressive Emp. Servs. II*, 55 So. 3d 655, 658 (Fla. 4th DCA 2011), (citation omitted), ("[An] interpretation which gives a reasonable meaning to all provisions of a contract is preferred to one which leaves a part useless or inexplicable.")

As Defendant Briggs demonstrated in its Motion for Summary Judgment, the contract documents automatically expired at the end of the 36-month Term, it did not commit breach of contract and it is not liable for any damages that may have occurred after the expiration of the 36-month Term.

Next, on page 5 of its Response, the Plaintiff states that there are factual disputes as to the Plaintiff's performance under the contract documents. Specifically, paragraphs 3, 4, and 5. Since Defendant Briggs has demonstrated that it did not commit breach of contract and has voluntarily dismissed its counterclaims, these issues are now moot. As well, paragraph 6 pertaining to Defendant Briggs being contractually responsible for other corporate entities would likewise be moot.

516

Finally, it is worth reiterating that Defendant Briggs established in its Motion for Summary Judgment, which was not controverted by the Plaintiff, that it has fully paid for all product and services provided by the Plaintiff *during* the 36-months contract Term.  (Defendant's SOFs 74 and 75), (emphasis added)  And that the only damages being pursued by the Plaintiff in this lawsuit relate to costs associated with products and services that were to be provided *after* the 36-month Term.  (Plaintiff's Exhibit 8), (emphasis added).

## III.   CONCLUSION

The Defendant's Motion for Summary Judgment should be granted in its entirety and Defendant Briggs should be granted judgment as a matter of law as to the Plaintiff's claims for breach of contract.  Defendant Briggs also respectfully requests any other and appropriate relief as this Court deems just and proper.

Respectfully submitted,

*/s/  Terry A. Iles*
Terry A. Iles,                    #17133
LAW OFFICE OF TERRY A. ILES
The Liberty Building
214 SW 6th Avenue, Suite 301
Topeka, KS 66603
TEL:  785/232-2777
FAX:  785/232-0606
Email:  terryiles@ileslawoffice.com
ATTORNEY FOR DEFENDANT

**517**

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that the foregoing DEFENDANT'S REPLY IN SUPPORT OF IT'S MOTION FOR SUMMARY JUDGMENT was electronically filed with the Clerk of the U.S. District Court on this the 6th day of April 2023, by using the CM/ECF system, which will send electronic notice to the following:

Ron Weiss
Berman, DeLeve, Kuchan & Chapman, LLC
1100 Main, Suite 2850
Kansas City, MO  64510
Email:  rweiss@bekc.com and ptoliver@bekc.com

                    */s/  Terry A. Iles*
                    Terry A. Iles,            #17133

**518**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| TRU MOBILITIY, INC. | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | |
| | ) | |
| vs. | ) | Case No. 5:21-cv-04071-JAR-TJJ |
| | ) | |
| BRIGGS AUTO GROUP, INC. | ) | [Formerly District Court of Riley |
| | ) | County, Kansas, Case No. RL-2021 |
| Defendant/Counterclaim Plaintiff. | ) | CV-000099] |
| | ) | |

**STIPULATION OF VOLUNTARY DISMISSAL**
**WITHOUT PREJUDICE**

Pursuant to Fed.R.Civ.P. 41(a)(1)(a)(ii), the parties who have appeared in the above-

captioned lawsuit hereby stipulate that the counterclaims asserted by Counterclaim Plaintiff

Briggs Auto Group, Inc., shall be dismissed, without prejudice.

Stipulated by:


 */s/ Terry A. Iles*
Terry A. Iles,                 #17133
LAW OFFICE OF TERRY A. ILES
The Liberty Building
214 SW 6th Avenue, Suite 301
Topeka, Kansas 66603
TEL: 785/232-2777
FAX: 785/232-0606
Email: terryiles@ileslawoffice.com
ATTORNEY FOR DEFENDANT BRIGGS


 */s/ Ron Weiss*
Ron Weiss,                 #070349
Berman, DeLeve, Kuchan & Chapman, LLC
1100 Main, Suite 2850
Kansas City, MO  64510
TEL: 816/471-5900
FAX: 816/842-9955
Email: rweiss@bekc.com
ATTORNEY FOR PLAINTIFF TRU MOBILITY

**519**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TRU MOBILITY, INC.,

     Plaintiff,

     v.

BRIGGS AUTO GROUP, INC.,

     Defendant.

Case No. 5:21-CV-04071-JAR-TJJ

## MEMORANDUM AND ORDER

Plaintiff Tru Mobility, Inc. brings this diversity action against Defendant Briggs Auto Group, Inc., alleging breach of contract. Before the Court is Defendant's Motion for Summary Judgment (Doc. 71). The motion is fully briefed, and the Court is prepared to rule. For the reasons stated below, the Court grants summary judgment in favor of Defendant.

## I.   Summary Judgment Standard

Summary judgment is appropriate if the moving party demonstrates "that there is no genuine dispute as to any material fact" and that it is "entitled to judgment as a matter of law."[1] In applying this standard, the Court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party.[2] "There is no genuine [dispute] of material fact unless the evidence, construed in the light most favorable to the non-moving party, is such that a reasonable jury could return a verdict for the non-moving party."[3] A fact is "material" if,

---

[1] Fed. R. Civ. P. 56(a).

[2] *City of Herriman v. Bell*, 590 F.3d 1176, 1181 (10th Cir. 2010).

[3] *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 255 (1986)).

under the applicable substantive law, it is "essential to the proper disposition of the claim."[4]  A dispute of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[5]

The moving party initially must show the absence of a genuine dispute of material fact and entitlement to judgment as a matter of law.[6]  In attempting to meet this standard, a movant who does not bear the ultimate burden of persuasion at trial need not negate the nonmovant's claim; rather, the movant need simply point out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim.[7]

Once the movant has met the initial burden of showing the absence of a genuine dispute of material fact, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial."[8]  The nonmoving party may not simply rest upon its pleadings to satisfy its burden.[9]  Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."[10]  In setting forth these specific facts, the nonmovant must identify the facts "by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein."[11]  To

---

[4] *Wright ex rel. Tr. Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

[5] *Adler,* 144 F.3d at 670 (citing *Anderson,* 477 U.S. at 248).

[6] *Spaulding v. United Transp. Union*, 279 F.3d 901, 904 (10th Cir. 2002) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

[7] *Adams v. Am. Guar. & Liab. Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir. 2000) (citing *Adler*, 144 F.3d at 671); *see also Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010).

[8] *Anderson,* 477 U.S. at 256; *Celotex,* 477 U.S. at 324; *Spaulding,* 279 F.3d at 904 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)).

[9] *Anderson,* 477 U.S. at 256; *accord Eck v. Parke, Davis & Co.,* 256 F.3d 1013, 1017 (10th Cir. 2001).

[10] *Mitchell v. City of Moore, Okla.,* 218 F.3d 1190, 1197–98 (10th Cir. 2000) (quoting *Adler,* 144 F.3d at 670–71); *see Kannady,* 590 F.3d at 1169.

[11] *Adler*, 144 F.3d at 671.

**521**

successfully oppose summary judgment, the nonmovant must bring forward more than a mere scintilla of evidence in support of his position.[12]  A nonmovant may not create a genuine issue of material fact with unsupported, conclusory allegations."[13]

Finally, summary judgment is not a "disfavored procedural shortcut"; on the contrary, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action."[14]

## II.    Uncontroverted Facts

The following material facts are either uncontroverted, stipulated to,[15] or construed in the light most favorable to Plaintiff as the nonmoving party.

Plaintiff is a Florida corporation that provides various telecommunication related services, including wire line phone, wireless phone, internet, and connectivity services. Defendant is a Kansas corporation that is independently owned and operates as a new and used motor vehicle dealership doing business as Briggs Nissan and Briggs Supercenter in Manhattan, Kansas.

### A.    Contract Negotiations

In 2016, Defendant was experiencing issues with its telecommunications system and wanted to obtain a new all-encompassing system that would include data, phone, and mobile services.  To help locate such a provider, Defendant hired a broker, Paul McDonald, who ultimately found Plaintiff and helped Defendant begin contract negotiations with Plaintiff for its services.  During these negotiations, Defendant was adamant that it wanted to limit any

---

[12] *Vitkus v. Beatrice Co.,* 11 F.3d 1535, 1539 (10th Cir. 1993).

[13] *Tapia v. City of Albuquerque,* 170 F. App'x. 529, 533 (10th Cir. 2006).

[14] *Celotex,* 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

[15] Doc. 67.

**522**

telecommunications contract to a three-year term due to the fact that technology is constantly evolving and Defendant did not want to be stuck for a long period of time with outdated technology.  Plaintiff was aware of Defendant's desired time limitation and agreed to it.  For example, the Preliminary Quote Plaintiff submitted to Defendant provided for a 36-month term, and the Proposed Offer of Terms Defendant submitted to Plaintiff thereafter provided for the same.

### B.    Contract Terms

On January 10, 2017, Defendant executed three contracts with Plaintiff for various telecommunication products and services: (1) Contract 20161205-A (Mobile, Shared Data, Tablet, and Record);[16] (2) Contract 20161205-B (Network and Colo);[17] and (3) Contract 20161205-C (Voice, Fax, Record, CRM Integration, Voice-Call Center-Standard, and Notes).[18] Each contract incorporated by reference the same Addendum to Contracts[19] and separate Standard Terms and Conditions.[20]  All of these documents were drafted by Plaintiff, with the exception of the Addendum to Contracts, which was drafted by Defendant's broker, McDonald. Each of the contracts are governed by Florida law.

### 1.    Parties to the Contracts

The contracts list only Defendant as the "Customer," and Defendant was the only entity (aside from Plaintiff) to sign the contracts—no other entity related to Defendant was a signatory to the contracts or was listed as a "Customer" thereunder.  However, Plaintiff understood that

---

[16] Doc. 73-6.

[17] Doc. 73-7.

[18] Doc. 73-8.

[19] Doc. 73-9.

[20] Doc. 73-10.

**523**

multiple other entities[21] were owned by Defendant and that Defendant had agreed to be responsible for all services provided by Plaintiff, regardless of the entity that ultimately used the services.

The Addendum to Contracts makes several references to various store locations. For example, it provides that Plaintiff "will provide [Defendant] with individual store billings; each containing all charges billed to that location."[22] Moreover, attached to the Addendum to Contracts is a Dealership Structure Diagram, which describes and shows the dealership structure and locations.[23]

## 2.     Duration of the Contracts

Although the contracts were not signed by both parties until January 11, 2017, the contracts state that the agreements were made on December 30, 2016. As such, the parties understood that the year the contracts were made was 2016. Each contract provides for a term of 36 months, and that the term will automatically renew unless Defendant provides Plaintiff with at least 90 days written notice prior to the end of the then-current term.

The Addendum to Contracts states that "[Plaintiff] will agree that after the 36 month original contract term [Defendant's] contract, as stated in this addendum, will become month to month and subject to current pricing at that time."[24] It also provides, in relevant part, that "[a]ny

---

[21] These entities include: Briggs Buick GMC Manhattan, Briggs Bikes, Briggs Subaru of Lawrence, Briggs Chrysler Dodge Jeep Ram of Lawrence, Briggs Nissan of Lawrence, D.E.L. Motors, Briggs Dodge, Briggs Kia, Briggs Subaru of Topeka, Briggs Toyota Fort Scott, Briggs Ford of Fort Scott, Briggs Chrysler Dodge Jeep Ram of Fort Scott, and Briggs Buick GMC Fort Scott. *See* Doc. 77-7.

[22] Doc. 73-9 at 3.

[23] *Id.* at 5.

[24] *Id.* at 2.

**524**

new or future executed contracts will terminate on the same date as the original contracts as referred to in this addendum."[25]

The Standard Terms and Conditions define the "commencement date" of the contracts as "the first day of the first bill cycle in which [Plaintiff] bills monthly recurring charges or usage charges.  Unless defined otherwise in the Agreement, the Term begins on the Commencement Date."[26]  The Addendum of Contracts states that "[u]pon contract execution, equipment and first month charges are due and payable to [Plaintiff].  No additional invoices will be submitted until the services at each location is up and live.  Invoices will be issued as each location is activated."[27]  "Term" is defined under the Standard Terms and Conditions as referring to the contract term defined in the contracts—36 months—and is stated to "automatically renew for a period of one (1) year unless [Defendant] provides [Plaintiff] with not less than ninety (90) days written notice prior to the end of the then current Term."[28]  The "Effective Date" is defined as "the date of the Agreement"—December 30, 2016.[29]

**C.     Contract Termination**

As noted above, Defendant was obligated to provide at least 90 days written notice prior to the end of the contracts' term that it wanted to terminate the contracts, or they would automatically renew.  Therefore, on September 10, 2019, Defendant sent a Notice of Cancellation to Plaintiff, indicating that Defendant believed that each contract was to expire on December 29, 2019.

---

[25] *Id.*

[26] Doc. 73-10 at 1.

[27] Doc. 73-9 at 3.

[28] Doc. 73-10 at 1.

[29] *Id.*

**525**

### D.    Damages

Plaintiff seeks damages in the amount of $398,485 against Defendant.[30]  Plaintiff

calculates these damages as follows: Defendant agreed to expend $1,149,120 within the 36-

month term (divided between the three contracts), of which Defendant has paid $750,635,

leaving a balance of $398,485.[31]

## III.    Analysis

Defendant moves for summary judgment on Plaintiff's only claim in this case for breach

of contract.  The contracts include a choice-of-law provision stating that Florida law applies.

Under Florida law, Plaintiff must "plead and establish: (1) the existence of a contract; (2) a

material breach of that contract; and (3) damages resulting from the breach."[32]  The parties here

do not dispute the existence of the contracts between them.  Rather, Defendant moves for

summary judgment on the basis that Plaintiff cannot prove (1) that Defendant materially

breached the contracts, and (2) damages resulting from such a breach.  The Court addresses each

basis in turn.

### A.    Material Breach

#### 1.    Parties' Positions

Plaintiff alleges in the Pretrial Order that Defendant breached the three contracts by

failing to pay the early termination fees that it owes Plaintiff for terminating the contracts prior to

the end of the agreed-upon 36-month term.  In Plaintiff's view, the date on which the 36-month

term started to run is not on either date proffered by Defendant—December 30, 2016 (the date

---

[30] *See* Doc. 67 at 4; Doc. 77-8.

[31] Doc. 67 at 4.

[32] *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009) (citing *Friedman v. N.Y. Life Ins. Co.*, 985 So. 2d 56, 58 (Fla. 4th Dist. Ct. App. 2008)).

provided in the contracts) or January 10, 2017 (the date Defendant executed the contracts)—rather, it is the dates on which each individual service began.  Because it was not until June 2018 that all of the contracted-for services commenced, Plaintiff argues that the 36-month term could not have concluded for all services in December 2019 or January 2020 as Defendant alleges; instead, the 36-month terms would stagger by the date on which each individual service began running.  Notably, Plaintiff does not point to any contract provision or other evidence that would support this position.

Defendant, on the other hand, asserts that the beginning date of the 36-month term is either December 30, 2016, the date referenced in each contract as the date upon which the agreements were entered, or January 10, 2017, the date on which Defendant executed the contracts.  In support of its position on the latter date, Defendant points to several contract provisions.  First, Defendant points to the definition of "Commencement Date" in the Standard Terms and Conditions, which defines it as: "the first day of the first bill cycle in which [Plaintiff] bills monthly recurring charges or usage charges.  Unless defined otherwise in the Agreement, the Term begins on the Commencement Date."[33]

Then, Defendant points to a provision in the Addendum to Contracts, which provides that "[u]pon contract execution, equipment and first month charges are due and payable to [Plaintiff]."[34]  Therefore, Defendant argues, because the first month charges were due on January 10, 2017 (the date the contracts were executed), that is the "Commencement Date," and the 36-month term runs from then.  Based on Defendant's calculations, the contracts would expire either

---

[33] Doc. 73-10 at 1.

[34] Doc. 73-9 at 3.

**527**

on December 29, 2019 or on January 9, 2020, unless Defendant provided written notice of termination at least 90 days prior to either date.

In sum, Plaintiff is adamant that Defendant is contractually obligated to pay for 36-months' worth of charges for Plaintiff's services, regardless of when that 36-month term began or ended.  Defendant is likewise adamant that it is only contractually obligated to pay charges for Plaintiff's services in the 36-month span between December 2016 and December 2019 (or January 2017 and January 2020), which it has already paid.  Essentially, the dispute comes down to one of contract interpretation.  Therefore, before determining whether Defendant breached the contracts, the Court must determine the proper interpretation of such terms.[35]

### 2.    Contract Interpretation

"Under Florida law, '[c]ontract interpretation begins with a review of the plain language of the agreement because the contract language is the best evidence of the parties' intent at the time of the execution of the contract.'"[36]  After review of the plain language, if the terms are found to be clear and unambiguous, "a court must interpret the contract in accordance with its plain meaning . . . so as to give effect to the contract as a whole."[37]  If, however, the terms are found to be ambiguous, the question before the court turns from one of law to one of fact, "precluding summary disposition."[38]  As explained more fully below, the Court finds that the

---

[35] *Gulf Power Co. v. Coalsales II, LLC*, 522 F. App'x 699, 703 (11th Cir. 2013) ("Under Florida law, '[t]he interpretation of a contract is generally a question of law for the court.'" (alteration in original) (quoting *Barone v. Rogers*, 930 So. 2d 761, 764 (Fla. Dist. Ct. App. 2006))).

[36] *Caracol TV S.A. v. Telemundo TV Studios*, No. 21-10515, 2022 WL 202546, at *3 (11th Cir. Jan. 24, 2022) (alteration in original) (quoting *Taylor v. Taylor*, 1 So. 3d 348, 350 (Fla. Dist. Ct. App. 2009) (per curiam)).

[37] *Angelli v. Lennox Miami Corp.*, No. 20-22800, 2022 WL 426614, at *3 (S.D. Fla. Feb. 11, 2022) (first quoting *Key v. Allstate Ins. Co.*, 90 F.3d 1546, 1549 (11th Cir. 1996) and then quoting *Disa v. Ashley Furniture Indus., Inc.*, 131 F. Supp. 3d 1316, 1320 (M.D. Fla. 2015)).

[38] *Gulf Power Co.*, 522 F. App'x at 703 (quoting *Barone*, 930 So. 2d at 764).

**528**

contractual terms at issue here are unambiguous and, therefore, will continue to the next step of determining the proper interpretation of such terms.

### a.    Ambiguity of Contract Terms at Issue

To determine whether the contract terms at issue are ambiguous, "the words should be given their natural, ordinary meaning," and "where the language is plain a court should not create confusion by adding hidden meanings, terms, conditions, or unexpressed intentions."[39] "And while a contract is ambiguous if it 'is susceptible to two different interpretations, each one of which is reasonably inferred from the terms of the contract,' a party's interpretation of the contract that is unreasonable in light of the contract's plain language does not make the contract ambiguous."[40]

In the Court's view, the only provisions that are even arguably ambiguous are those relating to the start date of the 36-month term.  However, after review of the plain language of these provisions, the Court finds them to be unambiguous.  First, the Standard Terms and Conditions, which is incorporated by reference in each contract, plainly provides that unless defined otherwise in the contract, the contract's "Term begins on the Commencement Date."[41] Second, the "Commencement Date" is similarly clearly defined therein as "the first day of the first bill cycle in which [Plaintiff] bills monthly recurring charges or usage charges."[42]  Finally, the Addendum to Contracts, which is also incorporated by reference in each contract, plainly

---

[39] *Key*, 90 F.3d at 1549.

[40] *Caracol TV S.A.*, 2022 WL 202546, at *3 (quoting *Frulla v. CRA Holdings, Inc.*, 543 F.3d 1247, 1252 (11th Cir. 2008)).

[41] Doc. 73-10 at 1.

[42] *Id*.

**529**

states that the first month charges "are due and payable to [Plaintiff]" upon contract execution, which was on January 10, 2017.[43]

Taken in turn, the Court finds the clear and unambiguous meaning of these provisions to be: (1) the contracts' terms began on the "Commencement Date"; (2) the "Commencement Date" is the first day that Plaintiff billed Defendant; and (3) Plaintiff's first bill to Defendant was on the day the contracts were executed.  None of these terms are ambiguous or even subject to divergent interpretations.  Indeed, while Plaintiff disagrees with Defendant's position that the 36-month term began on either December 30, 2016 or January 10, 2017, Plaintiff does not make any specific arguments about these particular contract provisions such that they would be rendered ambiguous.  Moreover, Plaintiff does not point to a single contractual provision that would conflict with these provisions in support its position that the 36-month term began on the date on which each individual service was activated.  Therefore, the Court is satisfied that the contractual terms at issue regarding the duration of the contracts are unambiguous, and the Court will turn next to the proper interpretation of such terms.

### b.      Proper Interpretation of Contract Terms at Issue

Finding that the contract terms at issue are unambiguous, the Court must now interpret the terms according to their plain meaning and in such a way that gives effect to the contract as a whole.  Based on the plain meaning of the terms as set forth above, it is clear to the Court that the intention of both parties was for the contracts to run for a 36-month term from either December 30, 2016 or January 10, 2017—but not from the date of activation of each individual service.  Therefore, the Court agrees with Defendant's interpretation that the contracts were set to expire by their terms in either December 2019 or January 2020.

---

[43] Doc. 73-9 at 3.

**530**

### 3.      Breach

Because the Court has found that the contracts were set to expire by their terms in either December 2019 or January 2020, the Court finds that Defendant followed proper protocol under the contracts by providing written notice of termination to Plaintiff at least 90-days prior to either of those dates.  In other words, even construing the evidence in the light most favorable to Plaintiff, the Court finds that Defendant did not terminate the contracts early and, therefore, did not breach the contracts by failing to pay the early termination fees Plaintiff demanded.  As there is no genuine issue of material fact regarding Defendant's breach (or lack thereof), the Court grants Defendant's motion for summary judgment on this basis.

### B.      Damages

The Court need not reach the issue of damages as to Defendant because, as stated above, Plaintiff is unable to prove that Defendant materially breached the contract.  In any event, because Defendant has already paid Plaintiff for the services provided to it through January 2020, and the contracts expired by their terms at the latest on January 9, 2020, Plaintiff has no damages against Defendant.  No entity aside from Defendant is before the Court in this case.  For these reasons, the Court grants Defendant's motion for summary judgment on this basis as well.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Summary Judgment (Doc. 71) is **granted**.

**IT IS SO ORDERED.**

Dated: April 17, 2023

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

**531**

# United States District Court

-------------------------- DISTRICT OF KANSAS--------------------------

TRU MOBILITY, INC.,

              **Plaintiff,**

**v.**                            **Case No:  21-4071-JAR**

**BRIGGS AUTO GROUP, INC.,**

              **Defendant.**

## JUDGMENT IN A CIVIL CASE

☐    Jury Verdict.   This action came before the Court for a jury trial.  The issues have been tried and the jury has rendered its verdict.

☒    Decision by the Court.  This action came before the Court.  The issues have been considered and a decision has been rendered.

        Defendant has already paid Plaintiff for the services provided to it through January 2020, and the contracts expired by their terms at the latest on January 9, 2020, Plaintiff has no damages against Defendant.  No entity aside from Defendant is before the Court in this case.

        **IT IS THEREFORE ORDERED BY THE COURT** that Defendant Briggs Auto Group, Inc.'s Motion for Summary Judgment (Doc. 71) is **granted**.

<u> April 17, 2023 </u>                 SKYLER B. O'HARA
       Date                     CLERK OF THE DISTRICT COURT

                                   by:  <u> s/ Sarah Spegal      </u>
                                        Deputy Clerk

**532**

Terry A. Iles,          #17133
LAW OFFICE OF TERRY A. ILES
The Liberty Building
214 SW 6th Avenue, Suite 301
Topeka, KS 66603
785/232-2777

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **TRU MOBILITIY, INC.** | ) | |
| | ) | |
| **Plaintiff/Counterclaim Defendant,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 5:21-cv-04071-JAR-TJJ** |
| | ) | |
| **BRIGGS AUTO GROUP, INC.** | ) | **[Formerly District Court of Riley** |
| | ) | **County, Kansas, Case No. RL-2021** |
| **Defendant/Counterclaim Plaintiff.** | ) | **CV-000099]** |
| | ) | |

## DEFENDANT'S MOTION FOR ATTORNEY FEES AND COSTS
## WITH CERTIFICATE OF ATTEMPT TO CONFER

The Defendant, Briggs Auto Group, Inc. ("Briggs") by and through counsel Terry A. Iles of the Law Office of Terry A. Iles, hereby respectfully submits Defendant's Motion for Attorney Fees and Costs.

In support of its said motion, Defendant Briggs provides the Court with the following for its review and consideration:

## I.     NATURE OF THE CASE

The Plaintiff filed the above-captioned matter to recover damages it allegedly sustained when Defendant Briggs failed to make all payments under various contracts for telecommunication related product and services (i.e. mobile, internet and voice/fax). Specifically, the Plaintiff alleged that it has been damaged in the amount of $519,110.08. Defendant Briggs adamantly denied any alleged wrongdoing.

**533**

Defendant Briggs filed its Motion for Summary Judgment as to Plaintiff's breach of contract claim.  On April 17, 2023, this Honorable Court entered its Memorandum and Order and granted Defendant Briggs summary judgment as to the Plaintiff's breach of contract claim.

Defendant Briggs now files its Motion for Attorney Fees and Costs, pursuant to paragraph 11 of the 2007 Agreement and Fed.R.Civ.P. 54, and respectfully requests the Court award Briggs Auto Group, Inc. all attorney fees, costs and expenses incurred as further provided herein.

## III.   ARGUMENT AND AUTHORITY

### A.   FLORIDA CONTRACT LAW ALLOWS FOR THE RECOVERY OF ATTORNEY FEES.

As a general rule, each party is responsible for its own attorney's fees in litigation, unless a statute or contract provides otherwise.  *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253, 130 S. Ct. 2149, 2157, 176 L. Ed. 2d 998 (2010).  However, there are certain statutory and contractual exceptions.

Like many states, Florida courts traditionally follow the general rule of law that parties may freely contract on their own terms and they will be bound by terms where such contracts are neither illegal nor contrary to public policy.  *Neiman v. Provident Life & Accident Ins. Co.*, 217 F. Supp. 2d 1281 (S.D. Fla. 2002).[1]  Under Florida law, attorneys' fees may be awarded to the prevailing party pursuant to a contractual agreement authorizing their recovery.  *Price v. Tyler*, 890 So. 2d 246, 250 (Fla. 2004).

The party seeking attorneys' fees has the burden of establishing entitlement. *See Celera Telecom Ltd. v. LDI Networks, Inc.*, No. 21-20324-CIV, 2022 WL 2341156, at *2 (S.D. Fla. May

---

[1] As a reminder, the Standard Terms and Conditions provides that the agreement will be governed by the laws of the state of Florida.  (See Doc. 73-10, Trumobility Standard Terms and Conditions, page 11, paragraph 17.5)

2, 2022) (J. Goodman), *report and recommendation adopted*, 2022 WL 4448311 (S.D. Fla. Sept. 23, 2022) (J. Scola).

*See Davis v. Nat'l Med. Enters., Inc.,* 253 F.3d 1314, 1321 (11th Cir. 2001), ("When the parties to a contract determine that the prevailing party in any litigation shall be entitled to attorneys' fees, it is the court's duty to enforce the attorneys' fees provision in the parties' contract." (citing *Pelican Bay Homeowners Ass'n Inc. v. Sedita*, 724 So. 2d 684, 685 (Fla. 5th Dist. Ct. App. 1999))).

On January 10, 2017, Defendant Briggs executed a series of contracts for various communication products and services, which were effective December 30, 2016, and are identified in more detail below:

     a.     Contract 20161205-A (Mobile, Shared Data, Tablet, and Record);

     b.     Contract 20161205-B (Network and Colo); and

     c.     Contract 20161205-C (Voice, Fax, Record, CRM Integration, Voice-Call Center-Standard, and Notes).

(collectively, the "Contracts"), (Pretrial Order, Doc. 67, page 2, Section 2(a)(3)).

According to the Contracts, Tru Mobility Standard Terms and Conditions ("Standard Terms and Conditions") are incorporated by reference into the Contracts.  (Contract A, Doc. 73-6, page1; Contract B, Doc. 73-7, page 1; Contract C, Doc. 73-8, page 1; and Pretrial Order, Doc. 67, page 3, Section 2(b)(6))  The Standard Terms and Conditions has an enforcement provision that provides, in relevant part, as follows:

> **Attorneys' Fees and Costs.**  The prevailing party in any litigation and/or arbitration arising from or related to this Agreement shall be entitled to recover from the non-prevailing party all reasonable attorneys' fees and costs incurred in the litigation and/or arbitration.

(Standard Terms and Conditions, Doc. 73-10, page 11, paragraph 17.6 C), (bold emphasis in original).

Here, the Plaintiff initiated the above-captioned matter against Defendant Briggs, and the claim arose out of the Contracts. Since all claims involved in this litigation arise under or concern the Contracts, Defendant Briggs should be entitled to recover its attorney fees and costs, since it prevailed on the Plaintiff's breach of contract claim in this lawsuit. Moreover, all such attorney fees and expenses were reasonably incurred in this matter. Thus, the Plaintiff should be liable for the same.

**B.      TIME SPENT ON THIS CASE**

The Law Office of Terry A. Iles has been actively involved in the case against the Plaintiffs since 2021. In fact, detailed time records have been kept outlining all time and a description of all events. Attached hereto as Exhibit A is an Affidavit from Terry A. Iles, who is the attorney of record for Defendant Briggs. Attached to the Affidavit of Terry A. Iles are his timesheets which shows 320.6 hours of time worked by this scrivener in bringing this matter to a successful conclusion. Coupled with the hourly rate $350.00 and $425.00 per hour respectfully, we are seeking $111,587.50 in attorney fees incurred. Attached hereto as Exhibit B is an Affidavit from F. Carol DeVault, who is a paralegal for the Law Office of Terry A. Iles. The Affidavit of F. Carol DeVault have her timesheets, which shows 129.50 hours of time that she worked on this case. The hourly rate for this matter is $175.00 and $200.00 per hour respectfully, which is a total of $23,225.00 in paralegal fees incurred.

An itemization of attorney fees, paralegal fees and costs is provided in more detail below.

|  |  |  |
|---|---|---|
| Attorney Fees | ---------------------------- | $111,587.50 |
| Paralegal Fees | ---------------------------- | $23,225.00 |

Costs ------------------------------------- $3,151.52

**Total** ------------------------------------- **$137,964.02**

## C.    THE ATTORNEY FEES AND PARALEGAL FEES ARE REASONABLE

Based upon paragraph 17.6 C of the Standard Terms and Conditions, Defendant Briggs recognizes that the award of attorney fees must be reasonable.  "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). When determining the reasonableness of attorney's fees, courts begin by multiplying a reasonable hourly rate by the number of hours reasonably expended. *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The result of that calculation is known as the lodestar, *see id.* at 1301-02, which is "strongly presumed to be reasonable." *Rodriguez v. Molina Healthcare Inc.*, 806 F. App'x 797, 804 (11th Cir. 2020) (citations omitted).  Indeed, the Supreme Court has noted that there is "[a] strong presumption that the lodestar figure ... represents a 'reasonable' fee." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 565, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986).

In determining the reasonableness of the rates sought, courts consider prior hourly rates awarded to other attorneys of similar experience in the community and also the court's own knowledge of the rates charged by local practitioners. *See McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96–97 (2d Cir. 2006), ("A district court may also use its knowledge of the relevant market when determining the reasonable hourly rate."); *see also Norman*, 836 F.2d at 1303 (quoting *Campbell v. Green*, 112 F.2d 143,144 (5th Cir. 1940)) ("The court ... is itself an expert on the question [of fees] and may consider its own

**537**

knowledge and experience concerning reasonable and proper fees ....”). Ultimately, courts should

assess “what a reasonable, paying client would be willing to pay.” *Arbor Hill Concerned Citizens*

*Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 184 (2d Cir. 2008), (The court must “step

into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to

litigate the case effectively.”).

However, courts may take other factors into account in calculating reasonable attorneys'

fees.

> [I]n determining a reasonable attorney's fee, courts should consider
> the following factors: (1) the time and labor required, the novelty
> and difficulty of the issues, and the legal skill required; (2) the
> likelihood that the representation will preclude other employment
> by the lawyer; (3) the customary fee; (4) the result obtained; (5) the
> time limitations imposed by the client or circumstances; (6) the
> nature and length of the professional relationship with the client; (7)
> the experience, reputation and ability of the lawyers; and (8)
> whether the fee is fixed or contingent.

*Schwartz v. Schwartz*, 965 So. 2d 832, 833–34 (Fla. Dist. Ct. App. 2007), (citations omitted).

Specific factors are addressed in more detail below.

### 1.   The Time and Labor Required, the Novelty and Difficulty of the Issues Involved, and the Legal Skills Required.

As already indicated, the Law Office of Terry A. Iles has been actively involved in bringing

this matter to a successful conclusion since October 2021.  Based upon the nature of the problems

with telecommunications and contract law, this lawsuit has been an extensive undertaking that has

been very complex, to say the least.  There have been numerous issues involved that necessitated

a very high skill level necessary to properly perform the legal services.   Frankly, the particular

claims involved are not the sort that every attorney could understand or even successfully litigate.

These are very complex issues that necessitate extensive time and labor to bring this lawsuit to a

successful conclusion.

538

**2.      The Likelihood the Representation Will Prevent Other Employment by the Lawyer.**

Counsel for Defendant Briggs is a solo practitioner.  Based upon the complexity of the issues involved, the Law Office of Terry A. Iles is limited in its ability to handle multiple cases of this nature, and therefore is only able to represent certain select clients.  In pursuing this matter on behalf of Defendant Briggs, this office certainly had to forego accepting other new clients in order to adequately defend the claims in this lawsuit.

**3.      The Fee Customarily Charged for Similar Legal Services.**

According to the Affidavit of Terry A. Iles, the hourly rate utilized in calculating the attorney fee being requested in this matter is $350.00 and $425.00 per hour.  Currently, counsel for Defendant Briggs bills at $425.00 per hour for general civil litigation matters.  The rate being requested in this lawsuit is the same customarily charged in Topeka, Kansas for like cases, and certainly lower than the hourly fees customarily charged in the Kansas City area and in federal district court.

According to the Affidavit of F. Carol DeVault, the hourly rate utilized in calculating the paralegal fee being requested in this matter is $175.00 to $200.00 per hour.  Currently, the paralegal fee being billed by the Law Office of Terry A. Iles is $200.00 per hour.  The rate being requested in this lawsuit is lower than the hourly fees customarily charged in Topeka, Kansas for like cases.

**4.      The Results Obtained.**

The amount of damages initially being pursued by the Plaintiff in this lawsuit was in excess of $500,000.00.  Moreover, Defendant Briggs prevailed in this lawsuit against the Plaintiff as to the claim asserted by the Plaintiff in the Complaint.

**5.      The Time Limitations Imposed.**

539

There were no time limitations imposed by Defendant Briggs.  However, based upon the nature of this case, including the numerous allegations involved, substantial time and expenses were incurred in bringing this matter to a successful conclusion.  Under the circumstances, such time incurred is reasonable given the nature of the case.

6.      **The Nature and Length of the Professional Relationship with the Client.**

This scrivener has actively represented Defendant Briggs since 1999.

7.      **The Experience, Reputation, and Ability of the Lawyer Performing the Services.**

This scrivener is rated AV Preeminent with Martindale-Hubbell, and has over 20 years extensive legal experience in complex civil litigation, corporate and business law, labor and employment law, construction law, commercial transactions, real estate law, commercial transactions, and contract law.  As such, the hourly rate being requested is compensable with the experience, reputation and ability of this scrivener.

8.      **Whether the Fee is Fixed or Contingent.**

The fee arrangement between Defendant Briggs and the Law Office of Terry A. Iles is fixed.  Essentially, Defendant Briggs is billed each month for fees and expenses incurred and has paid every bill that has been presented.

E.      **THE RECOVERY OF PARALEGAL FEES**

As addressed herein, this Law Office of Terry A. Iles is seeking to recover all attorney fees, and also *paralegal fees*.  (emphasis added)  See *Kansas Penn Gaming, LLC v. HV Properties of Kansas, LLC*, 790 F. Supp. 2d 1307 (D. Kan.), *aff'd,* 662 F.3d 1275 (10th Cir. 2011), (allowing for the recovery of fees for support staff, which included fees for law clerks and paralegal fees).  Thus, Defendant Briggs should be allowed to recover attorney fees and also paralegal fees in this matter.

IV.     **CONCLUSION**

Based upon the foregoing argument and authority, Defendant Briggs is seeking an Order for the recovery of $137,964.02 in attorney fees, paralegal fees, costs and expenses incurred in this lawsuit as further provided herein; and for such other appropriate relief as this Court deems just, equitable and proper.

Respectfully submitted,

/s/  Terry A. Iles
Terry A. Iles,                    #17133
LAW OFFICE OF TERRY A. ILES
The Liberty Building
214 SW 6th Avenue, Suite 301
Topeka, KS 66603
TEL:  785/232-2777
FAX:  785/232-0606
Email:  terryiles@ileslawoffice.com
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the DEFENDANT'S MOTION FOR ATTORNEY FEES was electronically filed with the Clerk of the United States District Court using the CM/ECF system on this the 1st day of May 2023, which sent notification of such filing to the following:

Ron Weiss
Berman, DeLeve, Kuchan & Chapman, LLC
1100 Main, Suite 2850
Kansas City, MO  64510
Email:  rweiss@bekc.com and ptoliver@bekc.com

/s/  Terry A. Iles
Terry A. Iles,                    #17133

**541**

EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| TRU MOBILITIY, INC. | ) | |
| | ) | |
| **Plaintiff/Counterclaim Defendant,** | ) | |
| | ) | |
| TI. | ) | **Case No. 5:21-cv-04071-JAR-TJJ** |
| | ) | |
| BRIGGS AUTO GROUP, INC. | ) | **[Formerly District Court of Riley** |
| | ) | **County, Kansas, Case No. RL-2021** |
| **Defendant/Counterclaim Plaintiff.** | ) | **CV-000099]** |
| | ) | |

## AFFIDAVIT OF TERRY A. ILES

| | |
|---|---|
| STATE OF KANSAS | ) |
| | )   ss: |
| COUNTY OF SHAWNEE | ) |

I, Terry A. Iles, of lawful age, being first duly sworn on his oath, deposes and states as follows:

1.     I am an attorney licensed to practice law in the State of Kansas and maintain Kansas Bar Number 17133.  I have been actively and personally involved with the above-captioned matter, and I am fully acquainted with the facts and circumstances surrounding this matter.  This affidavit is based upon my personal knowledge, information and belief.

2.     I am an attorney that has been actively practicing law in the State of Kansas since 1996, with extensive legal experience in complex civil litigation, corporate and business law, labor and employment law, construction law, commercial transactions, real estate law, commercial transactions, and contract law.

3.     From 1996 through 1999, I was an Assistant Attorney General with the State of Kansas, where I was charged with the enforcement of state and federal antitrust and consumer protection laws.

**542**

4.      From 1999 through 2001, I formed Terry A. Iles, P.A., which was a law firm engaged in the practice of civil litigation.  At that time, I was BV rated with Martindale-Hubbell and also a Special Assistant Attorney General, where I continued prosecuting matters under state and federal antitrust and consumer protection laws.

5.      From 2001 through 2007, I was a partner with Frieden, Haynes & Forbes, which is an AV rated law firm with Martindale-Hubbell that is engaged in complex civil litigation.

6.      From 2007 to the present, I have owned and operated the Law Office of Terry A. Iles and have been rated AV Preeminent with Martindale-Hubbell.

7.      Since 2021, I have actively represented Briggs Auto Group, Inc. in defending the claims asserted by Tru Mobility, Inc.  The fee agreement with the Briggs Auto Group Inc. allows for me to bill attorney fees and expenses incurred each month, and I have been fully paid for all attorney fees, paralegal fees, costs, and expenses incurred.

8.      Currently, I bill $425.00 per hour for general civil litigation, and I believe is consistent with other attorneys billing in Topeka, Kansas, with like experience.   When representation initially commenced in this matter in 2021, I was billing $350.00 per hour.

9.      Attached hereto as Exhibit 1 are the billing statements for all time that I have incurred in this matter, including, but not limited to all time incurred in filing the Motion for Attorney's Fees.  Initially, I was billing to the general account with other matters applicable to the organization.  The billings from the general account not involving this case have been redacted and deleted from the billing here.  Soon thereafter, a separate account was established for the Tru Mobility lawsuit.  The billing statements represent 320.60 spend by myself on this case, with the amount of attorney fees incurred from October 2021, as $111,587.50.

**543**

10.     Attached hereto as Exhibit 2 are the current billing statements for all expenses incurred in this matter.  The billing statements represent $3,151.52 expense incurred.

**FURTHER AFFIANT SAITH NAUGHT.**

Terry A. Iles

**SUBSCRIBED AND SWORN TO BEFORE ME** this _1st_ day of May 2023.

NOTARY PUBLIC

My Commission Expires:

3-13-2026



3

**544**

| 4/29/2023 | Law Office of Terry A. Iles | |
|---|---|---|
| 10:09 AM | Slip Listing | Page      1 |

---

## Selection Criteria

| | |
|---|---|
| Slip.Transaction Date | 10/15/2021 - Latest |
| Time.Selection | Include: TIles |
| Clie.Selection | Include: Briggs Auto Group |
| Slip.Transaction Type | Time |
| Slip.Classification | Open |

---

Rate Info - identifies rate source and level

| Slip ID<br>Dates and Time<br>Posting  Status<br>Description | | | Timekeeper<br>Activity<br>Client<br>Reference | Units<br>DNB Time<br>Est. Time<br>Variance | Rate<br>Rate Info<br>Bill  Status | Slip Value |
|---|---|---|---|---|---|---|
| 17906<br>10/15/2021<br>Billed<br>Preparation of matters with case involving<br>TruMobility and removal to federal court. | TIME<br><br>G:12531 | <br><br>11/1/2021 | TIles<br>Preparation<br>Briggs Auto Group | 3.75<br>0.00<br>0.00<br>0.00 | 350.00<br>T@1 | 1312.50 |
| 17910<br>10/18/2021<br>Billed<br>Preparation of matters with case and removal to<br>federal court. | TIME<br><br>G:12531 | <br><br>11/1/2021 | TIles<br>Preparation<br>Briggs Auto Group | 5.50<br>0.00<br>0.00<br>0.00 | 350.00<br>T@1 | 1925.00 |
| 17921<br>10/25/2021<br>Billed<br>Preparation of matters with case and TruMobility. | TIME<br><br>G:12531 | <br><br>11/1/2021 | TIles<br>Preparation<br>Briggs Auto Group | 1.75<br>0.00<br>0.00<br>0.00 | 350.00<br>T@1 | 612.50 |
| 17979<br>11/2/2021<br>Billed<br>Preparation of matters with case as to TruMobility;<br>Answer with Counterclaim. | TIME<br><br>G:12546 | <br><br>12/1/2021 | TIles<br>Preparation<br>Briggs Auto Group | 4.50<br>0.00<br>0.00<br>0.00 | 350.00<br>T@1 | 1575.00 |
| 17981<br>11/3/2021<br>Billed<br>Preparation of matters with case with TruMobility. | TIME<br><br>G:12546 | <br><br>12/1/2021 | TIles<br>Preparation<br>Briggs Auto Group | 6.25<br>0.00<br>0.00<br>0.00 | 350.00<br>T@1 | 2187.50 |
| 18006<br>11/18/2021<br>Billed<br>Preparation of matters with case and disclosures. | TIME<br><br>G:12546 | <br><br>12/1/2021 | TIles<br>Preparation<br>Briggs Auto Group | 2.75<br>0.00<br>0.00<br>0.00 | 350.00<br>T@1 | 962.50 |
| 18007<br>11/19/2021<br>Billed<br>Preparation of matters with case and initial | TIME<br><br>G:12546 | <br><br>12/1/2021 | TIles<br>Preparation<br>Briggs Auto Group | 2.50<br>0.00<br>0.00<br>0.00 | 350.00<br>T@1 | 875.00 |

**545**

Law Office of Terry A. Iles
Slip Listing

| Slip ID Dates and Time Posting Status Description | Timekeeper Activity Client Reference | Units DNB Time Est. Time Variance | Rate Rate Info Bill Status | Slip Value |
|---|---|---|---|---|
| disclosures; correspondence to Attorney. | | | | |
| 18018 11/22/2021 Billed        G:12546      12/1/2021 Conference with attorneys for Tru Mobility on planning conference. | TIME Conference Briggs Auto Group | 0.50 0.00 0.00 0.00 | 350.00 T@1 | 175.00 |
| 18019 11/24/2021 Billed        G:12546      12/1/2021 Conference with attorneys for Tru Mobility on planning conference; revisions to report; correspondence to attorneys. | TIME Conference Briggs Auto Group | 1.50 0.00 0.00 0.00 | 350.00 T@1 | 525.00 |
| 18099 12/8/2021 Billed        G:12564      1/3/2022 Preparation of matters with case and TruMobility; preparation of disclosures. | TIME Preparation Briggs Auto Group | 3.75 0.00 0.00 0.00 | 350.00 T@1 | 1312.50 |
| 18100 12/9/2021 Billed        G:12564      1/3/2022 Preparation of matters with case and TruMobility; preparation of matters with initial disclosures. | TIME Preparation Briggs Auto Group | 6.25 0.00 0.00 0.00 | 350.00 T@1 | 2187.50 |
| 18106 12/16/2021 Billed        G:12564      1/3/2022 Preparation of matters with case and Scheduling Conference; scheduling conference with the Judge. | TIME Preparation Briggs Auto Group | 2.25 0.00 0.00 0.00 | 350.00 T@1 | 787.50 |

| **GRAND TOTAL** | **Billable** | **41.25** | | **14,437.50** |
|---|---|---|---|---|
| | **Unbillable** | **0.00** | | **0.00** |
| | **Total** | **41.25** | | **14,437.50** |

**546**

**547**

---

## Selection Criteria

---

| Slip.Timekeeper ID | Logged-In Timekeeper: TIles |
| Clie.Selection | Include: BAG - TRU MOBILITY |
| Slip.Transaction Type | Time |
| Slip.Classification | Open |

---

Rate Info - identifies rate source and level

| Slip ID | Timekeeper | Units | Rate | Slip Value |
| Dates and Time | Activity | DNB Time | Rate Info | |
| Posting Status | Client | Est. Time | Bill Status | |
| Description | Reference | Variance | | |
| --- | --- | --- | --- | --- |
| 18184      TIME | TIles | 2.75 | 375.00 | 1031.25 |
| 1/5/2022 | Preparation | 0.00 | T@1 | |
| Billed      G:12581    2/1/2022 | BAG - TRU MOBILITY | 0.00 | | |
| Preparation of matters with case; reviewed amended | | 0.00 | | |
| complaint; preparation of Answer and Counterclaim; | | | | |
| research relating to issues involved with case. | | | | |
| | | | | |
| 18187      TIME | TIles | 0.50 | 375.00 | 187.50 |
| 1/10/2022 | Review | 0.00 | T@1 | |
| Billed      G:12581    2/1/2022 | BAG - TRU MOBILITY | 0.00 | | |
| Reviewed information from Attorney relating to | | 0.00 | | |
| settlement proposal; email to Client; conference | | | | |
| with Client. | | | | |
| | | | | |
| 18193      TIME | TIles | 2.25 | 0.00 | 0.00 |
| 1/12/2022 | Preparation | 0.00 | T@2 | |
| Billed      G:12581    2/1/2022 | BAG - TRU MOBILITY | 0.00 | | |
| Preparation of matters with case and Protective | | 0.00 | | |
| Order; correspondence to Attorneys. | | | | |
| | | | | |
| 18194      TIME | TIles | 3.25 | 375.00 | 1218.75 |
| 1/14/2022 | Conference | 0.00 | T@1 | |
| Billed      G:12581    2/1/2022 | BAG - TRU MOBILITY | 0.00 | | |
| Conference with attorney relating to Protective | | 0.00 | | |
| Order; correspondence to the Judge; preparation of | | | | |
| Motion for Extension; preparation of matters with | | | | |
| case. | | | | |
| | | | | |
| 18198      TIME | TIles | 3.25 | 375.00 | 1218.75 |
| 1/17/2022 | Preparation | 0.00 | T@1 | |
| Billed      G:12581    2/1/2022 | BAG - TRU MOBILITY | 0.00 | | |
| Preparation of matters with case and expert | | 0.00 | | |
| witnesses. | | | | |
| | | | | |
| 18200      TIME | TIles | 3.00 | 375.00 | 1125.00 |
| 1/18/2022 | Preparation | 0.00 | T@1 | |
| Billed      G:12581    2/1/2022 | BAG - TRU MOBILITY | 0.00 | | |
| Preparation of matters with case and revisions to | | 0.00 | | |

**548**

4/29/2023
10:00 AM

Law Office of Terry A. Iles
Slip Listing

Page     2

| Slip ID<br>Dates and Time<br>Posting Status<br>Description | Timekeeper<br>Activity<br>Client<br>Reference | Units<br>DNB Time<br>Est. Time<br>Variance | Rate<br>Rate Info<br>Bill Status | Slip Value |
|---|---|---|---|---|
| Protective Order; correspondence to and from attorneys; preparation of discovery requests. | | | | |
| 18205          TIME<br>1/21/2022<br>Billed          G:12581          2/1/2022<br>Preparation of matters with case; correspondence to and from attorneys; conference with Client. | Tlles<br>Preparation<br>BAG - TRU MOBILITY | 3.50<br>0.00<br>0.00<br>0.00 | 0.00<br>T@2 | 0.00 |
| 18209          TIME<br>1/24/2022<br>Billed          G:12581          2/1/2022<br>Preparation of matters with case; reviewed documents from client; conference with Jim Lund; conference with economist; reviewed information on expert witnesses. | Tlles<br>Preparation<br>BAG - TRU MOBILITY | 3.75<br>0.00<br>0.00<br>0.00 | 375.00<br>T@1 | 1406.25 |
| 18219          TIME<br>1/31/2022<br>Billed          G:12581          2/1/2022<br>Preparation of matters with case; correspondence to and from Attorney; conference with Attorney; preparation of matters with ESI protocol; correspondence to Court. | Tlles<br>Preparation<br>BAG - TRU MOBILITY | 2.50<br>0.00<br>0.00<br>0.00 | 375.00<br>T@1 | 937.50 |
| 18249          TIME<br>2/2/2022<br>Billed          G:12597          3/1/2022<br>Correspondence to and from Attorneys relating to document disclosure. | Tlles<br>Correspondence<br>BAG - TRU MOBILITY | 0.25<br>0.00<br>0.00<br>0.00 | 375.00<br>T@1 | 93.75 |
| 18259          TIME<br>2/8/2022<br>Billed          G:12597          3/1/2022<br>Preparation of matters with case and document disclosures. | Tlles<br>Preparation<br>BAG - TRU MOBILITY | 6.50<br>0.00<br>0.00<br>0.00 | 375.00<br>T@1 | 2437.50 |
| 18258          TIME<br>2/9/2022<br>Billed          G:12597          3/1/2022<br>Correspondence to attorneys; preparation of matters with document disclosures. | Tlles<br>Correspondence<br>BAG - TRU MOBILITY | 3.75<br>0.00<br>0.00<br>0.00 | 375.00<br>T@1 | 1406.25 |
| 18264          TIME<br>2/10/2022<br>Billed          G:12597          3/1/2022<br>Preparation of matters with case and discovery; preparation of matters with document disclosures. | Tlles<br>Preparation<br>BAG - TRU MOBILITY | 2.25<br>0.00<br>0.00<br>0.00 | 375.00<br>T@1 | 843.75 |

**549**

4/29/2023             Law Office of Terry A. Iles
10:00 AM              Slip Listing                        Page    3

| Slip ID Dates and Time Posting Status Description | Timekeeper Activity Client Reference | Units DNB Time Est. Time Variance | Rate Rate Info Bill Status | Slip Value |
|---|---|---|---|---|
| 18270 2/14/2022 Billed     G:12597 Preparation of matters with case and disclosures; reviewed information. | TIME Preparation 3/1/2022 BAG - TRU MOBILITY | 3.00 0.00 0.00 0.00 | 375.00 T@1 | 1125.00 |
| 18256 2/21/2022 Billed     G:12597 Preparation of matters with case and document disclosures. | TIME Preparation 3/1/2022 BAG - TRU MOBILITY | 5.50 0.00 0.00 0.00 | 375.00 T@1 | 2062.50 |
| 18280 2/22/2022 Billed     G:12597 Preparation of matters with case and documents. | TIME Preparation 3/1/2022 BAG - TRU MOBILITY | 6.50 0.00 0.00 0.00 | 375.00 T@1 | 2437.50 |
| 18283 2/23/2022 Billed     G:12597 Preparation of matters with case and mediation. | TIME Preparation 3/1/2022 BAG - TRU MOBILITY | 7.50 0.00 0.00 0.00 | 375.00 T@1 | 2812.50 |
| 18282 2/24/2022 Billed     G:12597 Preparation of matters with case and mediation for Tru Mobility. | TIME Preparation 3/1/2022 BAG - TRU MOBILITY | 5.25 0.00 0.00 0.00 | 375.00 T@1 | 1968.75 |
| 18321 3/1/2022 Billed     G:12617 Conference with Jim Lund; preparation of matters; reviewed pleadings. | TIME Conference 3/28/2022 BAG - TRU MOBILITY | 1.25 0.00 0.00 0.00 | 375.00 T@1 | 468.75 |
| 18336 3/15/2022 Billed     G:12617 Reviewed information from mediator; reviewed information from client; preparation of matters with case. | TIME Review 3/28/2022 BAG - TRU MOBILITY | 3.25 0.00 0.00 0.00 | 375.00 T@1 | 1218.75 |
| 18339 3/16/2022 Billed     G:12617 Preparation of matters with case and mediation; reviewed information from Client. | TIME Preparation 3/28/2022 BAG - TRU MOBILITY | 2.75 0.00 0.00 0.00 | 375.00 T@1 | 1031.25 |

**550**

4/29/2023                              Law Office of Terry A. Iles
10:00 AM                                    Slip Listing                                    Page      4

| Slip ID<br>Dates and Time<br>Posting Status<br>Description | | | Timekeeper<br>Activity<br>Client<br>Reference | Units<br>DNB Time<br>Est. Time<br>Variance | Rate<br>Rate Info<br>Bill Status | Slip Value |
|---|---|---|---|---|---|---|
| 18345<br>3/18/2022<br>Billed<br>Preparation of matters with case and document<br>disclosure. | TIME<br><br>G:12617 | <br><br>3/28/2022 | TIles<br>Preparation<br>BAG - TRU MOBILITY | 4.00<br>0.00<br>0.00<br>0.00 | 375.00<br>T@1 | 1500.00 |
| 18346<br>3/21/2022<br>Billed<br>Preparation of matters with case and document<br>disclosure. | TIME<br><br>G:12617 | <br><br>3/28/2022 | TIles<br>Preparation<br>BAG - TRU MOBILITY | 3.25<br>0.00<br>0.00<br>0.00 | 375.00<br>T@1 | 1218.75 |
| 18350<br>3/23/2022<br>Billed<br>Preparation of matters with case; preparation of<br>pleadings to extend deadlines in lawsuit. | TIME<br><br>G:12617 | <br><br>3/28/2022 | TIles<br>Preparation<br>BAG - TRU MOBILITY | 0.75<br>0.00<br>0.00<br>0.00 | 375.00<br>T@1 | 281.25 |
| 18353<br>3/24/2022<br>Billed<br>Correspondence to and from Court and attorney. | TIME<br><br>G:12617 | <br><br>3/28/2022 | TIles<br>Correspondence<br>BAG - TRU MOBILITY | 0.75<br>0.00<br>0.00<br>0.00 | 375.00<br>T@1 | 281.25 |
| 18402<br>4/7/2022<br>Billed<br>Preparation of matters with case and document<br>disclosure. | TIME<br><br>G:12631 | <br><br>5/2/2022 | TIles<br>Preparation<br>BAG - TRU MOBILITY | 6.50<br>0.00<br>0.00<br>0.00 | 375.00<br>T@1 | 2437.50 |
| 18406<br>4/13/2022<br>Billed<br>Preparation of matters with case and hearing;<br>correspondence to the Judge; scheduling<br>conference; correspondence to attorney. | TIME<br><br>G:12631 | <br><br>5/2/2022 | TIles<br>Preparation<br>BAG - TRU MOBILITY | 2.25<br>0.00<br>0.00<br>0.00 | 375.00<br>T@1 | 843.75 |
| 18524<br>5/23/2022<br>Billed<br>Preparation of matters with case and Motion to<br>Compel. | TIME<br><br>G:12640 | <br><br>5/30/2022 | TIles<br>Preparation<br>BAG - TRU MOBILITY | 4.75<br>0.00<br>0.00<br>0.00 | 375.00<br>T@1 | 1781.25 |
| 18538<br>5/26/2022<br>Billed<br>Preparation of matters with case and Motion to<br>Compel. | TIME<br><br>G:12640 | <br><br>5/30/2022 | TIles<br>Preparation<br>BAG - TRU MOBILITY | 3.25<br>0.00<br>0.00<br>0.00 | 375.00<br>T@1 | 1218.75 |

**551**

| Slip ID<br>Dates and Time<br>Posting Status<br>Description | | | Timekeeper<br>Activity<br>Client<br>Reference | Units<br>DNB Time<br>Est. Time<br>Variance | Rate<br>Rate Info<br>Bill Status | Slip Value |
|---|---|---|---|---|---|---|
| 18590<br>6/2/2022<br>Billed | TIME<br><br>G:12651 | <br><br>7/5/2022 | TIles<br>Correspondence<br>BAG - TRU MOBILITY | 0.50<br>0.00<br>0.00 | 375.00<br>T@1 | 187.50 |
| Correspondence to and from Attorney relating to<br>mediation; reviewed pleadings. | | | | 0.00 | | |
| 18588<br>6/3/2022<br>Billed | TIME<br><br>G:12651 | <br><br>7/5/2022 | TIles<br>Correspondence<br>BAG - TRU MOBILITY | 0.50<br>0.00<br>0.00 | 375.00<br>T@1 | 187.50 |
| Correspondence to and from Attorney relating to<br>mediation. | | | | 0.00 | | |
| 18596<br>6/8/2022<br>Billed | TIME<br><br> | <br><br>7/5/2022 | TIles<br>Phone call with<br>BAG - TRU MOBILITY | 1.25<br>0.00<br>0.00 | 375.00<br>T@1 | 468.75 |
| Phone call with Attorney; correspondence to and<br>from Court; preparation of motion for extension. | | | | 0.00 | | |
| 18595<br>6/9/2022<br>Billed | TIME<br><br>G:12651 | <br><br>7/5/2022 | TIles<br>Preparation<br>BAG - TRU MOBILITY | 1.25<br>0.00<br>0.00 | 375.00<br>T@1 | 468.75 |
| Preparation of matters with case; reviewed<br>correspondence to and from Attorney and Court;<br>reviewed proposed Motion. | | | | 0.00 | | |
| 18621<br>6/28/2022<br>Billed | TIME<br><br>G:12651 | <br><br>7/5/2022 | TIles<br>Review<br>BAG - TRU MOBILITY | 3.50<br>0.00<br>0.00 | 375.00<br>T@1 | 1312.50 |
| Reviewed discovery responses; preparation of letter<br>to attorney; reviewed documents. | | | | 0.00 | | |
| 18699<br>7/14/2022<br>Billed | TIME<br><br>G:12661 | <br><br>8/1/2022 | TIles<br>Preparation<br>BAG - TRU MOBILITY | 1.50<br>0.00<br>0.00 | 375.00<br>T@1 | 562.50 |
| Preparation of matters with case and mediation;<br>phone call with Attorney. | | | | 0.00 | | |
| 18714<br>7/21/2022<br>Billed | TIME<br><br>G:12661 | <br><br>8/1/2022 | TIles<br>Review<br>BAG - TRU MOBILITY | 4.75<br>0.00<br>0.00 | 375.00<br>T@1 | 1781.25 |
| Reviewed from Tru Mobility; preparation of matters<br>for mediation; correspondence to Attorney. | | | | 0.00 | | |
| 18719<br>7/25/2022<br>Billed | TIME<br><br>G:12661 | <br><br>8/1/2022 | TIles<br>Preparation<br>BAG - TRU MOBILITY | 6.50<br>0.00<br>0.00 | 375.00<br>T@1 | 2437.50 |
| Preparation of matters with case and for mediation. | | | | 0.00 | | |

**552**

4/29/2023                                         Law Office of Terry A. Iles
10:00 AM                                              Slip Listing                                        Page        6

| Slip ID<br>Dates and Time<br>Posting Status<br>Description | | | Timekeeper<br>Activity<br>Client<br>Reference | Units<br>DNB Time<br>Est. Time<br>Variance | Rate<br>Rate Info<br>Bill Status | Slip Value |
|---|---|---|---|---|---|---|
| 18724<br>7/30/2022<br>Billed | TIME<br>G:12661 | 8/1/2022 | TIles<br>Preparation<br>BAG - TRU MOBILITY | 3.25<br>0.00<br>0.00 | 375.00<br>T@1 | 1218.75 |
| Preparation of matters with case and mediation;<br>reviewed documents. | | | | 0.00 | | |
| 18761<br>8/2/2022<br>Billed | TIME<br>G:12672 | 9/6/2022 | TIles<br>Preparation<br>BAG - TRU MOBILITY | 5.50<br>0.00<br>0.00 | 375.00<br>T@1 | 2062.50 |
| Preparation of matters with case and preparation for<br>mediation. | | | | 0.00 | | |
| 18760<br>8/3/2022<br>Billed | TIME<br>G:12672 | 9/6/2022 | TIles<br>Preparation<br>BAG - TRU MOBILITY | 6.50<br>0.00<br>0.00 | 375.00<br>T@1 | 2437.50 |
| Preparation of matters with case and mediation. | | | | 0.00 | | |
| 18783<br>8/15/2022<br>Billed | TIME<br>G:12672 | 9/6/2022 | TIles<br>Preparation<br>BAG - TRU MOBILITY | 2.50<br>0.00<br>0.00 | 375.00<br>T@1 | 937.50 |
| Preparation of matters with case and discovery<br>responses. | | | | 0.00 | | |
| 18784<br>8/16/2022<br>Billed | TIME<br>G:12672 | 9/6/2022 | TIles<br>Preparation<br>BAG - TRU MOBILITY | 5.50<br>0.00<br>0.00 | 0.00<br>T@2 | 0.00 |
| Preparation of matters with case and discovery<br>responses. | | | | 0.00 | | |
| 18802<br>8/30/2022<br>Billed | TIME<br>G:12672 | 9/6/2022 | TIles<br>Preparation<br>BAG - TRU MOBILITY | 5.25<br>0.00<br>0.00 | 0.00<br>T@2 | 0.00 |
| Preparation of matters with case and discovery<br>responses. | | | | 0.00 | | |
| 18810<br>9/1/2022<br>Billed | TIME<br>G:12672 | 9/6/2022 | TIles<br>Preparation<br>BAG - TRU MOBILITY | 1.50<br>0.00<br>0.00 | 375.00<br>T@1 | 562.50 |
| Preparation of matters with case and discovery<br>responses. | | | | 0.00 | | |
| 18844<br>9/13/2022<br>Billed | TIME<br>G:12686 | 10/3/2022 | TIles<br>Correspondence<br>BAG - TRU MOBILITY | 1.25<br>0.00<br>0.00 | 375.00<br>T@1 | 468.75 |
| Correspondence with Attorney; correspondence with<br>Attorney; preparation of matters with case. | | | | 0.00 | | |

553

| Slip ID | | Timekeeper | Units | Rate | Slip Value |
|---|---|---|---|---|---|
| Dates and Time | | Activity | DNB Time | Rate Info | |
| Posting Status | | Client | Est. Time | Bill Status | |
| Description | | Reference | Variance | | |
| 18854 | TIME | TIles | 0.35 | 375.00 | 131.25 |
| 9/19/2022 | | Conference | 0.00 | T@1 | |
| Billed | G:12686 | 10/3/2022  BAG - TRU MOBILITY | 0.00 | | |
| Conference with attorney relating to depositions. | | | 0.00 | | |
| 18920 | TIME | TIles | 4.50 | 375.00 | 1687.50 |
| 10/2/2022 | | Preparation | 0.00 | T@1 | |
| Billed | G:12704 | 11/2/2022  BAG - TRU MOBILITY | 0.00 | | |
| Preparation of matters with case and depositions. | | | 0.00 | | |
| 18919 | TIME | TIles | 5.00 | 375.00 | 1875.00 |
| 10/3/2022 | | Preparation | 0.00 | T@1 | |
| Billed | G:12704 | 11/2/2022  BAG - TRU MOBILITY | 0.00 | | |
| Preparation of matters with case and depositions. | | | 0.00 | | |
| 18918 | TIME | TIles | 6.50 | 375.00 | 2437.50 |
| 10/4/2022 | | Preparation | 0.00 | T@1 | |
| Billed | G:12704 | 11/2/2022  BAG - TRU MOBILITY | 0.00 | | |
| Preparation of matters with case and depositions; deposition of Steve Barnett. | | | 0.00 | | |
| 19018 | TIME | TIles | 4.50 | 425.00 | 1912.50 |
| 11/18/2022 | | Preparation | 0.00 | T@1 | |
| Billed | G:12717 | 12/1/2022  BAG - TRU MOBILITY | 0.00 | | |
| Preparation of matters with case and summary judgment as to TruMobility. | | | 0.00 | | |
| 19020 | TIME | TIles | 3.00 | 425.00 | 1275.00 |
| 11/21/2022 | | Preparation | 0.00 | T@1 | |
| Billed | G:12717 | 12/1/2022  BAG - TRU MOBILITY | 0.00 | | |
| Preparation of matters with case and summary judgment as to Tru Mobility; conference with attorney. | | | 0.00 | | |
| 19022 | TIME | TIles | 6.50 | 425.00 | 2762.50 |
| 11/28/2022 | | Preparation | 0.00 | T@1 | |
| Billed | G:12717 | 12/1/2022  BAG - TRU MOBILITY | 0.00 | | |
| Preparation of matters with case and Pretrial Order; correspondence to Attorney; preparation of Motion for Extension; preparation of matters for summary judgment. | | | 0.00 | | |
| 19026 | TIME | TIles | 3.50 | 425.00 | 1487.50 |
| 11/29/2022 | | Preparation | 0.00 | T@1 | |
| Billed | G:12717 | 12/1/2022  BAG - TRU MOBILITY | 0.00 | | |
| Preparation of matters with case and Pretrial Order; preparation of matters with summary judgment. | | | 0.00 | | |

**554**

4/29/2023 Law Office of Terry A. Iles
10:00 AM Slip Listing Page 8

| Slip ID | | | Timekeeper | Units | Rate | Slip Value |
|---|---|---|---|---|---|---|
| Dates and Time | | | Activity | DNB Time | Rate Info | |
| Posting Status | | | Client | Est. Time | Bill Status | |
| Description | | | Reference | Variance | | |
| 19039 | TIME | | TIles | 6.00 | 425.00 | 2550.00 |
| 11/30/2022 | | | Preparation | 0.00 | T@1 | |
| Billed | G:12717 | 12/1/2022 | BAG - TRU MOBILITY | 0.00 | | |
| Preparation of matters with case and summary judgment. | | | | 0.00 | | |
| 19038 | TIME | | TIles | 0.25 | 425.00 | 106.25 |
| 12/1/2022 | | | Conference | 0.00 | T@1 | |
| Billed | G:12717 | 12/1/2022 | BAG - TRU MOBILITY | 0.00 | | |
| Conference with Attorney relating to Pretrial Order and extension. | | | | 0.00 | | |
| 19077 | TIME | | TIles | 0.50 | 425.00 | 212.50 |
| 12/6/2022 | | | Correspondence | 0.00 | T@1 | |
| Billed | G:12733 | 1/7/2023 | BAG - TRU MOBILITY | 0.00 | | |
| Correspondence to and from Court; conference with Attorney. | | | | 0.00 | | |
| 19087 | TIME | | TIles | 5.25 | 425.00 | 2231.25 |
| 12/7/2022 | | | Preparation | 0.00 | T@1 | |
| Billed | G:12733 | 1/7/2023 | BAG - TRU MOBILITY | 0.00 | | |
| Preparation of matters with case; preparation of matters with Pretrial Order; conference with Client; preparation of matters with summary judgement. | | | | 0.00 | | |
| 19085 | TIME | | TIles | 0.25 | 425.00 | 106.25 |
| 12/9/2022 | | | Conference | 0.00 | T@1 | |
| Billed | G:12733 | 1/7/2023 | BAG - TRU MOBILITY | 0.00 | | |
| Conference with Attorney relating to depositions. | | | | 0.00 | | |
| 19088 | TIME | | TIles | 1.25 | 425.00 | 531.25 |
| 12/12/2022 | | | Preparation | 0.00 | T@1 | |
| Billed | G:12733 | 1/7/2023 | BAG - TRU MOBILITY | 0.00 | | |
| Preparation of matters with case and Pretrial Conference; attended Pretrial Conference. | | | | 0.00 | | |
| 19101 | TIME | | TIles | 1.50 | 425.00 | 637.50 |
| 12/15/2022 | | | Review | 0.00 | T@1 | |
| Billed | G:12733 | 1/7/2023 | BAG - TRU MOBILITY | 0.00 | | |
| Reviewed information from the Court relating to the Pretrial Order; correspondence to the Court; reviewed information from the Client. | | | | 0.00 | | |
| 19103 | TIME | | TIles | 4.50 | 425.00 | 1912.50 |
| 12/16/2022 | | | Preparation | 0.00 | T@1 | |
| Billed | G:12733 | 1/7/2023 | BAG - TRU MOBILITY | 0.00 | | |
| Preparation of matters with case and summary judgment. | | | | 0.00 | | |

**555**

4/29/2023                                    Law Office of Terry A. Iles
10:00 AM                                           Slip Listing                                          Page      9

| Slip ID | Timekeeper | Units | Rate | Slip Value |
|---|---|---|---|---|
| Dates and Time | Activity | DNB Time | Rate Info | |
| Posting Status | Client | Est. Time | Bill Status | |
| Description | Reference | Variance | | |

| | | | | |
|---|---|---|---|---|
| 19125 | TIME | Tlles | 5.25 | 425.00 | 2231.25 |
| 12/30/2022 | | Preparation | 0.00 | T@1 | |
| Billed | G:12733 | 1/7/2023 BAG - TRU MOBILITY | 0.00 | | |
| Preparation of matters with case and summary | | | 0.00 | | |
| judgment on TruMobility matter. | | | | | |
| | | | | | |
| 19148 | TIME | Tlles | 0.50 | 425.00 | 212.50 |
| 1/9/2023 | | Correspondence | 0.00 | T@1 | |
| Billed | G:12751 | 2/1/2023 BAG - TRU MOBILITY | 0.00 | | |
| Correspondence with Attorney; correspondence to | | | 0.00 | | |
| client. | | | | | |
| | | | | | |
| 19170 | TIME | Tlles | 0.75 | 425.00 | 318.75 |
| 1/18/2023 | | Preparation | 0.00 | T@1 | |
| Billed | G:12751 | 2/1/2023 BAG - TRU MOBILITY | 0.00 | | |
| Preparation of matters with case and for deposition; | | | 0.00 | | |
| conference with client. | | | | | |
| | | | | | |
| 19171 | TIME | Tlles | 4.50 | 425.00 | 1912.50 |
| 1/19/2023 | | Preparation | 0.00 | T@1 | |
| Billed | G:12751 | 2/1/2023 BAG - TRU MOBILITY | 0.00 | | |
| Preparation of matters with case; deposition of | | | 0.00 | | |
| Briggs corporate representative; preparation of | | | | | |
| motion and order for dispositive motion. | | | | | |
| | | | | | |
| 19189 | TIME | Tlles | 3.50 | 425.00 | 1487.50 |
| 1/27/2023 | | Preparation | 0.00 | T@1 | |
| Billed | G:12751 | 2/1/2023 BAG - TRU MOBILITY | 0.00 | | |
| Preparation of matters with case and summary | | | 0.00 | | |
| judgment. | | | | | |
| | | | | | |
| 19188 | TIME | Tlles | 7.50 | 0.00 | 0.00 |
| 1/28/2023 | | Preparation | 0.00 | T@2 | |
| Billed | G:12751 | 2/1/2023 BAG - TRU MOBILITY | 0.00 | | |
| Preparation of matters with case and summary | | | 0.00 | | |
| judgment. | | | | | |
| | | | | | |
| 19195 | TIME | Tlles | 6.50 | 425.00 | 2762.50 |
| 1/29/2023 | | Preparation | 0.00 | T@1 | |
| Billed | G:12751 | 2/1/2023 BAG - TRU MOBILITY | 0.00 | | |
| Preparation of matters with case and summary | | | 0.00 | | |
| judgment. | | | | | |
| | | | | | |
| 19196 | TIME | Tlles | 3.50 | 425.00 | 1487.50 |
| 1/30/2023 | | Preparation | 0.00 | T@1 | |
| Billed | G:12751 | 2/1/2023 BAG - TRU MOBILITY | 0.00 | | |
| Preparation of matters with case and summary | | | 0.00 | | |
| judgment. | | | | | |

**556**

4/29/2023                                Law Office of Terry A. Iles
10:00 AM                                        Slip Listing                                              Page      10

| Slip ID<br>Dates and Time<br>Posting Status<br>Description | Timekeeper<br>Activity<br>Client<br>Reference | Units<br>DNB Time<br>Est. Time<br>Variance | Rate<br>Rate Info<br>Bill Status | Slip Value |
|---|---|---|---|---|
| 19249<br>2/8/2023<br>Billed          G:12766          3/4/2023<br>Correspondence with Court; preparation of matter<br>with summary judgment; correspondence with<br>attorney. | TIME<br>TIles<br>Correspondence<br>BAG - TRU MOBILITY | 1.50<br>0.00<br>0.00<br>0.00 | 425.00<br>T@1 | 637.50 |
| 19294<br>2/24/2023<br>Billed          G:12766          3/4/2023<br>Conference with Attorney; conference with Client;<br>research relating to matters. | TIME<br>TIles<br>Conference<br>BAG - TRU MOBILITY | 0.75<br>0.00<br>0.00<br>0.00 | 425.00<br>T@1 | 318.75 |
| 19316<br>3/3/2023<br>Billed          G:12766          3/4/2023<br>Preparation of matters with case and response to<br>motion to file response to summary judgment out of<br>time. | TIME<br>TIles<br>Preparation<br>BAG - TRU MOBILITY | 5.75<br>0.00<br>0.00<br>0.00 | 425.00<br>T@1 | 2443.75 |
| 19365<br>3/4/2023<br>Billed          G:12781          4/3/2023<br>Preparation of matters with case and summary<br>judgment. | TIME<br>TIles<br>Preparation<br>BAG - TRU MOBILITY | 3.50<br>0.00<br>0.00<br>0.00 | 425.00<br>T@1 | 1487.50 |
| 19368<br>3/5/2023<br>Billed          G:12781          4/3/2023<br>Preparation of matters with case and summary<br>judgment. | TIME<br>TIles<br>Preparation<br>BAG - TRU MOBILITY | 2.25<br>0.00<br>0.00<br>0.00 | 425.00<br>T@1 | 956.25 |
| 19397<br>3/27/2023<br>Billed          G:12781          4/3/2023<br>Reviewed Response to MSJ; preparation of matters<br>with reply in support of msj. | TIME<br>TIles<br>Review<br>BAG - TRU MOBILITY | 4.50<br>0.00<br>0.00<br>0.00 | 0.00<br>T@2 | 0.00 |
| 19418<br>3/28/2023<br>Billed          G:12781          4/3/2023<br>Preparation of matters with case and summary<br>judgment. | TIME<br>TIles<br>Preparation<br>BAG - TRU MOBILITY | 3.00<br>0.00<br>0.00<br>0.00 | 425.00<br>T@1 | 1275.00 |
| 19426<br>3/29/2023<br>Billed          G:12781          4/3/2023<br>Preparation of matters with case and matters<br>involved with reply in support of summary judgment. | TIME<br>TIles<br>Preparation<br>BAG - TRU MOBILITY | 4.75<br>0.00<br>0.00<br>0.00 | 0.00<br>T@2 | 0.00 |

**557**

Law Office of Terry A. Iles
Slip Listing

| Slip ID<br>Dates and Time<br>Posting Status<br>Description | | | Timekeeper<br>Activity<br>Client<br>Reference | Units<br>DNB Time<br>Est. Time<br>Variance | Rate<br>Rate Info<br>Bill Status | Slip Value |
|---|---|---|---|---|---|---|
| 19437<br>3/31/2023<br>Billed | TIME<br><br>G:12781 | <br><br>4/3/2023 | TIles<br>Preparation<br>BAG - TRU MOBILITY | 4.50<br>0.00<br>0.00 | 425.00<br>T@1 | 1912.50 |
| Preparation of matters with case and reply in<br>support of summary judgment. | | | | 0.00 | | |
| 19473<br>4/3/2023<br>WIP | TIME | | TIles<br>Preparation<br>BAG - TRU MOBILITY | 3.75<br>0.00<br>0.00 | 425.00<br>T@1 | 1593.75 |
| Preparation of matters with case and summary<br>judgment. | | | | 0.00 | | |
| 19478<br>4/5/2023<br>WIP | TIME | | TIles<br>Preparation<br>BAG - TRU MOBILITY | 2.75<br>0.00<br>0.00 | 425.00<br>T@1 | 1168.75 |
| Preparation of matters with case involving Tru<br>Mobility. | | | | 0.00 | | |
| 19500<br>4/18/2023<br>WIP | TIME | | TIles<br>Review<br>BAG - TRU MOBILITY | 0.25<br>0.00<br>0.00 | 425.00<br>T@1 | 106.25 |
| Reviewed information from decision;<br>correspondence to Client. | | | | 0.00 | | |
| 19534<br>4/25/2023<br>WIP | TIME | | TIles<br>Preparation<br>BAG - TRU MOBILITY | 1.25<br>0.00<br>0.00 | 425.00<br>T@1 | 531.25 |
| Preparation of matters with case and motion for<br>attorney fees. | | | | 0.00 | | |
| 19533<br>4/26/2023<br>WIP | TIME | | TIles<br>Preparation<br>BAG - TRU MOBILITY | 2.75<br>0.00<br>0.00 | 425.00<br>T@1 | 1168.75 |
| Preparation of matters with case and motion for<br>attorney fees. | | | | 0.00 | | |
| 19530<br>4/28/2023<br>WIP | TIME | | TIles<br>Preparation<br>BAG - TRU MOBILITY | 3.75<br>0.00<br>0.00 | 425.00<br>T@1 | 1593.75 |
| Preparation of matters with case and motion for<br>attorney fees. | | | | 0.00 | | |

| Grand Total | | | | | |
|---|---|---|---|---|---|
| | Billable | 279.35 | | 97150.00 |
| | Unbillable | 0.00 | | 0.00 |
| | Total | 279.35 | | 97150.00 |

**558**

| | | | | | |
|---|---|---|---|---|---|
| 4/29/2023 | | Law Office of Terry A. Iles | | | |
| 10:02 AM | | Slip Listing | | Page | 1 |

---

### Selection Criteria

---

| | |
|---|---|
| Slip.Timekeeper ID | Logged-In Timekeeper: TIles |
| Clie.Selection | Include: BAG - TRU MOBILITY |
| Slip.Transaction Type | Expense |
| Slip.Classification | Open |

---

Rate Info - identifies rate source and level

| Slip ID<br>Dates and Time<br>Posting Status<br>Description | | Timekeeper<br>Activity<br>Client<br>Reference | Units<br>DNB Time<br>Est. Time<br>Variance | Rate<br>Rate Info<br>Bill Status | Slip Value |
|---|---|---|---|---|---|
| 18220<br>1/25/2022<br>Billed<br>Postage | EXP<br><br>G:12581 | TIles<br>Postage<br>2/1/2022  BAG - TRU MOBILITY | 1 | 2.42 | 2.42 |
| 19021<br>11/28/2022<br>Billed<br>Deposition Costs for Steve Barnett | EXP<br><br>G:12717 | TIles<br>Depo. Cost<br>12/1/2022  BAG - TRU MOBILITY | 1 | 1721.45 | 1721.45 |
| 19024<br>11/29/2022<br>Billed<br>Miscellaneous - Mediation Cost. | EXP<br><br>G:12717 | TIles<br>Miscellaneous<br>12/1/2022  BAG - TRU MOBILITY | 1 | 998.75 | 998.75 |
| 19205<br>2/1/2023<br>Billed<br>Deposition Costs for Housman | EXP<br><br>G:12751 | TIles<br>Depo. Cost<br>2/1/2023  BAG - TRU MOBILITY | 1 | 428.90 | 428.90 |

| Grand Total | | | | |
|---|---|---|---|---|
| | Billable | 0.00 | | 3151.52 |
| | Unbillable | 0.00 | | 0.00 |
| | Total | 0.00 | | 3151.52 |

**559**

EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **TRU MOBILITIY, INC.** | ) | |
| | ) | |
| **Plaintiff/Counterclaim Defendant,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 5:21-cv-04071-JAR-TJJ** |
| | ) | |
| **BRIGGS AUTO GROUP, INC.** | ) | **[Formerly District Court of Riley** |
| | ) | **County, Kansas, Case No. RL-2021** |
| **Defendant/Counterclaim Plaintiff.** | ) | **CV-000099]** |
| | ) | |

## AFFIDAVIT OF FRANCES CAROL DEVAULT

| | | |
|---|---|---|
| STATE OF KANSAS | ) | |
| | ) | ss: |
| COUNTY OF SHAWNEE | ) | |

I, Frances Carol DeVault, of lawful age, being first duly sworn on his oath, deposes and states as follows:

1. I am a paralegal with the Law Office of Terry A. Iles. I have been actively and personally involved with the above-captioned matter, and I am fully acquainted with the facts and circumstances surrounding this matter. This affidavit is based upon my personal knowledge, information and belief.

2. Since 1984, I have actively worked in the legal field in the capacity as a legal secretary, legal assistant or paralegal. I have always work in a law firm involved in civil litigation that has been an AV rated with Martindale-Hubbell.

3. From 2010 to the present, I have worked for the Law Office of Terry A. Iles, which is rated AV Preeminent with Martindale-Hubbell.

4. Since 2021, I have been actively involved with Briggs Auto Group, Inc. and the claims being pursued by Tru Mobility, Inc.

1

**560**

5.      Currently, I bill $200.00 per hour for all matters, and I believe the foregoing is consistent with other paralegals billing in Topeka, Kansas, with like experience.  In 2021, I was billing $175.00 per hour when we initially began representing Briggs Auto Group, Inc. in the matter involving Tru Mobility.

6.      In this matter involving Tru Mobility, I have billed 129.50 hours, which represents $23,225.00 in paralegal fees incurred that is set forth in the billing statements attached hereto as Exhibit 1.

**FURTHER AFFIANT SAITH NAUGHT.**

Frances Carol DeVault

**SUBSCRIBED AND SWORN TO BEFORE ME** this ___1st___ day of May 2023.

DANIELLE N PACKER
Notary Public – State of Kansas
My Appointment Expires 2|19|26

NOTARY PUBLIC

My Commission Expires:

02|19|2026

2

**561**

4/29/2023            Law Office of Terry A. Iles
10:12 AM              Slip Listing                 Page     1

---

### Selection Criteria

---

| | |
|---|---|
| Time.Selection | Include: Paralegal |
| Clie.Selection | Include: BAG - TRU MOBILITY |
| Slip.Transaction Type | Time |
| Slip.Classification | Open |
| -OR- | |
| Time.Selection | Include: Paralegal |
| Clie.Selection | Include: BAG - TRU MOBILITY |

---

Rate Info - identifies rate source and level

| Slip ID<br>Dates and Time<br>Posting Status<br>Description | | Timekeeper<br>Activity<br>Client<br>Reference | Units<br>DNB Time<br>Est. Time<br>Variance | Rate<br>Rate Info<br>Bill Status | Slip Value |
|---|---|---|---|---|---|
| 18222<br>1/3/2022<br>Billed | TIME<br><br>G:12581 | Paralegal<br>Preparation<br>2/1/2022 BAG - TRU MOBILITY | 1.50<br>0.00<br>0.00 | 175.00<br>T@1 | 262.50 |
| Preparation of matters with case and pleadings; and discovery. | | | 0.00 | | |
| 18229<br>1/7/2022<br>Billed | TIME<br><br>G:12581 | Paralegal<br>Preparation<br>2/1/2022 BAG - TRU MOBILITY | 0.75<br>0.00<br>0.00 | 175.00<br>T@1 | 131.25 |
| Preparation of matters with case | | | 0.00 | | |
| 18233<br>1/18/2022<br>Billed | TIME<br><br>G:12581 | Paralegal<br>Preparation<br>2/1/2022 BAG - TRU MOBILITY | 3.75<br>0.00<br>0.00 | 175.00<br>T@1 | 656.25 |
| Preparation of matters with case and discovery. | | | 0.00 | | |
| 18240<br>1/24/2022<br>Billed | TIME<br><br>G:12581 | Paralegal<br>Preparation<br>2/1/2022 BAG - TRU MOBILITY | 1.25<br>0.00<br>0.00 | 175.00<br>T@1 | 218.75 |
| Preparation of matters with case and discovery matters. | | | 0.00 | | |
| 18243<br>1/25/2022<br>Billed | TIME<br><br>G:12581 | Paralegal<br>Preparation<br>2/1/2022 BAG - TRU MOBILITY | 4.00<br>0.00<br>0.00 | 175.00<br>T@1 | 700.00 |
| Preparation of matters with case and disclosures. | | | 0.00 | | |
| 18292<br>1/31/2022<br>Billed | TIME<br><br>G:12597 | Paralegal<br>Preparation<br>3/1/2022 BAG - TRU MOBILITY | 0.75<br>0.00<br>0.00 | 175.00<br>T@1 | 131.25 |
| Preparation of matters with case and pleadings. | | | 0.00 | | |

**562**

4/29/2023                 Law Office of Terry A. Iles
10:12 AM                   Slip Listing                          Page     2

| Slip ID | Timekeeper | Units | Rate | Slip Value |
|---|---|---|---|---|
| Dates and Time | Activity | DNB Time | Rate Info | |
| Posting Status | Client | Est. Time | Bill Status | |
| Description | Reference | Variance | | |
| 18295         TIME | Paralegal | 1.50 | 175.00 | 262.50 |
| 2/1/2022 | Preparation | 0.00 | T@1 | |
| Billed        G:12597     3/1/2022 | BAG - TRU MOBILITY | 0.00 | | |
| Preparation of matters with case and disclosures. | | 0.00 | | |
| 18299         TIME | Paralegal | 3.25 | 175.00 | 568.75 |
| 2/7/2022 | Preparation | 0.00 | T@1 | |
| Billed        G:12597     3/1/2022 | BAG - TRU MOBILITY | 0.00 | | |
| Preparation of matters with case and disclosures. | | 0.00 | | |
| 18300         TIME | Paralegal | 3.50 | 175.00 | 612.50 |
| 2/8/2022 | Preparation | 0.00 | T@1 | |
| Billed        G:12597     3/1/2022 | BAG - TRU MOBILITY | 0.00 | | |
| Preparation of matters with case and disclosures. | | 0.00 | | |
| 18301         TIME | Paralegal | 3.00 | 175.00 | 525.00 |
| 2/9/2022 | Preparation | 0.00 | T@1 | |
| Billed        G:12597     3/1/2022 | BAG - TRU MOBILITY | 0.00 | | |
| Preparation of matters with case | | 0.00 | | |
| 18304         TIME | Paralegal | 2.25 | 175.00 | 393.75 |
| 2/10/2022 | Preparation | 0.00 | T@1 | |
| Billed        G:12597     3/1/2022 | BAG - TRU MOBILITY | 0.00 | | |
| Preparation of matters with case and document disclosure. | | 0.00 | | |
| 18368         TIME | Paralegal | 3.50 | 175.00 | 612.50 |
| 3/1/2022 | Preparation | 0.00 | T@1 | |
| Billed        G:12617     3/28/2022 | BAG - TRU MOBILITY | 0.00 | | |
| Preparation of matters with case and discovery. | | 0.00 | | |
| 18378         TIME | Paralegal | 1.25 | 175.00 | 218.75 |
| 3/8/2022 | Preparation | 0.00 | T@1 | |
| Billed        G:12617     3/28/2022 | BAG - TRU MOBILITY | 0.00 | | |
| Preparation of matters with case and mediation. | | 0.00 | | |
| 18383         TIME | Paralegal | 5.25 | 175.00 | 918.75 |
| 3/15/2022 | Preparation | 0.00 | T@1 | |
| Billed        G:12617     3/28/2022 | BAG - TRU MOBILITY | 0.00 | | |
| Preparation of matters with case and mediation; and document disclosure. | | 0.00 | | |
| 18385         TIME | Paralegal | 3.50 | 175.00 | 612.50 |
| 3/16/2022 | Preparation | 0.00 | T@1 | |
| Billed        G:12617     3/28/2022 | BAG - TRU MOBILITY | 0.00 | | |
| Preparation of matters with case and document disclosure. | | 0.00 | | |

563

| 4/29/2023 | Law Office of Terry A. Iles | |
|---|---|---|
| 10:12 AM | Slip Listing | Page     3 |

| Slip ID<br>Dates and Time<br>Posting Status<br>Description | | Timekeeper<br>Activity<br>Client<br>Reference | Units<br>DNB Time<br>Est. Time<br>Variance | Rate<br>Rate Info<br>Bill Status | Slip Value |
|---|---|---|---|---|---|
| 18388<br>3/17/2022<br>Billed<br>Preparation of matters with case and documents. | TIME<br><br>G:12617 | Paralegal<br>Preparation<br>3/28/2022  BAG - TRU MOBILITY | 2.50<br>0.00<br>0.00<br>0.00 | 175.00<br>T@1 | 437.50 |
| 18391<br>3/23/2022<br>Billed<br>Preparation of matters with case and document<br>disclosure. | TIME<br><br>G:12617 | Paralegal<br>Preparation<br>3/28/2022  BAG - TRU MOBILITY | 5.50<br>0.00<br>0.00<br>0.00 | 175.00<br>T@1 | 962.50 |
| 18461<br>4/4/2022<br>Billed<br>Preparation of matters with case and document<br>disclosure. | TIME<br><br>G:12631 | Paralegal<br>Preparation<br>5/2/2022  BAG - TRU MOBILITY | 6.50<br>0.00<br>0.00<br>0.00 | 175.00<br>T@1 | 1137.50 |
| 18462<br>4/5/2022<br>Billed<br>Preparation of matters with case and document<br>disclosure. | TIME<br><br>G:12631 | Paralegal<br>Preparation<br>5/2/2022  BAG - TRU MOBILITY | 6.50<br>0.00<br>0.00<br>0.00 | 175.00<br>T@1 | 1137.50 |
| 18473<br>4/18/2022<br>Billed<br>Preparation of matters with case and document<br>disclosure. | TIME<br><br>G:12631 | Paralegal<br>Preparation<br>5/2/2022  BAG - TRU MOBILITY | 4.25<br>0.00<br>0.00<br>0.00 | 175.00<br>T@1 | 743.75 |
| 18545<br>4/25/2022<br>Billed<br>Preparation of matters with case and scheduling. | TIME<br><br>G:12640 | Paralegal<br>Preparation<br>5/30/2022  BAG - TRU MOBILITY | 0.75<br>0.00<br>0.00<br>0.00 | 175.00<br>T@1 | 131.25 |
| 18552<br>4/26/2022<br>Billed<br>Preparation of matters with case and discovery. | TIME<br><br>G:12640 | Paralegal<br>Preparation<br>5/30/2022  BAG - TRU MOBILITY | 1.50<br>0.00<br>0.00<br>0.00 | 175.00<br>T@1 | 262.50 |
| 18637<br>5/23/2022<br>Billed<br>Preparation of matters with case and discovery<br>matters. | TIME<br><br>G:12651 | Paralegal<br>Preparation<br>7/5/2022  BAG - TRU MOBILITY | 1.50<br>0.00<br>0.00<br>0.00 | 175.00<br>T@1 | 262.50 |

**564**

| Slip ID | | | Timekeeper | Units | Rate | Slip Value |
|---|---|---|---|---|---|---|
| Dates and Time | | | Activity | DNB Time | Rate Info | |
| Posting Status | | | Client | Est. Time | Bill Status | |
| Description | | | Reference | Variance | | |
| 18648 | TIME | | Paralegal | 1.75 | 175.00 | 306.25 |
| 5/26/2022 | | | Preparation | 0.00 | T@1 | |
| Billed | G:12651 | 7/5/2022 | BAG - TRU MOBILITY | 0.00 | | |
| Preparation of matters with case and discovery. | | | | 0.00 | | |
| 18655 | TIME | | Paralegal | 2.25 | 175.00 | 393.75 |
| 6/2/2022 | | | Preparation | 0.00 | T@1 | |
| Billed | G:12651 | 7/5/2022 | BAG - TRU MOBILITY | 0.00 | | |
| Preparation of matters with case and discovery. | | | | 0.00 | | |
| 18657 | TIME | | Paralegal | 1.75 | 175.00 | 306.25 |
| 6/13/2022 | | | Preparation | 0.00 | T@1 | |
| Billed | G:12651 | 7/5/2022 | BAG - TRU MOBILITY | 0.00 | | |
| Preparation of matters with case and discovery. | | | | 0.00 | | |
| 18676 | TIME | | Paralegal | 1.50 | 175.00 | 262.50 |
| 6/28/2022 | | | Preparation | 0.00 | T@1 | |
| Billed | G:12651 | 7/5/2022 | BAG - TRU MOBILITY | 0.00 | | |
| Preparation of matters with case and discovery. | | | | 0.00 | | |
| 18739 | TIME | | Paralegal | 2.50 | 175.00 | 437.50 |
| 7/11/2022 | | | Preparation | 0.00 | T@1 | |
| Billed | G:12661 | 8/1/2022 | BAG - TRU MOBILITY | 0.00 | | |
| Preparation of matters with case and discovery. | | | | 0.00 | | |
| 18746 | TIME | | Paralegal | 0.75 | 175.00 | 131.25 |
| 7/14/2022 | | | Preparation | 0.00 | T@1 | |
| Billed | G:12661 | 8/1/2022 | BAG - TRU MOBILITY | 0.00 | | |
| Preparation of matters with case and discovery. | | | | 0.00 | | |
| 18749 | TIME | | Paralegal | 3.75 | 175.00 | 656.25 |
| 7/18/2022 | | | Preparation | 0.00 | T@1 | |
| Billed | G:12661 | 8/1/2022 | BAG - TRU MOBILITY | 0.00 | | |
| Preparation of matters with case and discovery. | | | | 0.00 | | |
| 18756 | TIME | | Paralegal | 1.50 | 175.00 | 262.50 |
| 7/25/2022 | | | Preparation | 0.00 | T@1 | |
| Billed | G:12661 | 8/1/2022 | BAG - TRU MOBILITY | 0.00 | | |
| Preparation of matters with case and mediation. | | | | 0.00 | | |
| 18759 | TIME | | Paralegal | 2.50 | 175.00 | 437.50 |
| 7/27/2022 | | | Preparation | 0.00 | T@1 | |
| Billed | G:12661 | 8/1/2022 | BAG - TRU MOBILITY | 0.00 | | |
| Preparation of matters with case and discovery. | | | | 0.00 | | |
| 18814 | TIME | | Paralegal | 2.50 | 175.00 | 437.50 |
| 8/2/2022 | | | Preparation | 0.00 | T@1 | |
| Billed | G:12672 | 9/6/2022 | BAG - TRU MOBILITY | 0.00 | | |
| Preparation of matters with case with discovery and | | | | 0.00 | | |

**565**

| Slip ID<br>Dates and Time<br>Posting Status<br>Description | | Timekeeper<br>Activity<br>Client<br>Reference | Units<br>DNB Time<br>Est. Time<br>Variance | Rate<br>Rate Info<br>Bill Status | Slip Value |
|---|---|---|---|---|---|
| mediation. | | | | | |
| 18815<br>8/3/2022<br>Billed<br>Preparation of matters with case and discovery and<br>scheduling order. | TIME<br><br>G:12672 | Paralegal<br>Preparation<br>9/6/2022  BAG - TRU MOBILITY | 2.00<br>0.00<br>0.00<br>0.00 | 175.00<br>T@1 | 350.00 |
| 18818<br>8/4/2022<br>Billed<br>Preparation of matters with case and discovery. | TIME<br><br>G:12672 | Paralegal<br>Preparation<br>9/6/2022  BAG - TRU MOBILITY | 3.50<br>0.00<br>0.00<br>0.00 | 175.00<br>T@1 | 612.50 |
| 18891<br>8/31/2022<br>Billed<br>Preparation of matters with case and discovery. | TIME<br><br>G:12686 | Paralegal<br>Preparation<br>10/3/2022  BAG - TRU MOBILITY | 1.25<br>0.00<br>0.00<br>0.00 | 175.00<br>T@1 | 218.75 |
| 18897<br>9/8/2022<br>Billed<br>Preparation of matters with case and discovery. | TIME<br><br>G:12686 | Paralegal<br>Preparation<br>10/3/2022  BAG - TRU MOBILITY | 4.50<br>0.00<br>0.00<br>0.00 | 175.00<br>T@1 | 787.50 |
| 18905<br>9/13/2022<br>Billed<br>Preparation of matters with case and discovery. | TIME<br><br>G:12686 | Paralegal<br>Preparation<br>10/3/2022  BAG - TRU MOBILITY | 2.25<br>0.00<br>0.00<br>0.00 | 175.00<br>T@1 | 393.75 |
| 18967<br>9/27/2022<br>Billed<br>Preparation of matters with case and discovery. | TIME<br><br>G:12704 | Paralegal<br>Preparation<br>11/2/2022  BAG - TRU MOBILITY | 3.25<br>0.00<br>0.00<br>0.00 | 175.00<br>T@1 | 568.75 |
| 18976<br>10/3/2022<br>Billed<br>Preparation of matters with case and discovery. | TIME<br><br>G:12704 | Paralegal<br>Preparation<br>11/2/2022  BAG - TRU MOBILITY | 1.50<br>0.00<br>0.00<br>0.00 | 175.00<br>T@1 | 262.50 |
| 19042<br>10/24/2022<br>Billed<br>Preparation of matters with case and discovery. | TIME<br><br>G:12717 | Paralegal<br>Preparation<br>12/1/2022  BAG - TRU MOBILITY | 0.50<br>0.00<br>0.00<br>0.00 | 200.00<br>T@1 | 100.00 |
| 19046<br>10/31/2022<br>Billed<br>Preparation of matters with case and summary<br>judgment. | TIME<br><br>G:12717 | Paralegal<br>Preparation<br>12/1/2022  BAG - TRU MOBILITY | 2.00<br>0.00<br>0.00<br>0.00 | 200.00<br>T@1 | 400.00 |

**566**

4/29/2023 Law Office of Terry A. Iles
10:12 AM Slip Listing Page 6

| Slip ID<br>Dates and Time<br>Posting Status<br>Description | | Timekeeper<br>Activity<br>Client<br>Reference | Units<br>DNB Time<br>Est. Time<br>Variance | Rate<br>Rate Info<br>Bill Status | Slip Value |
|---|---|---|---|---|---|
| 19067<br>11/21/2022<br>Billed | TIME<br>G:12717 | Paralegal<br>Preparation<br>12/1/2022  BAG - TRU MOBILITY | 1.50<br>0.00<br>0.00 | 200.00<br>T@1 | 300.00 |
| Preparation of matters with case and Pretrial. | | | 0.00 | | |
| 19133<br>12/5/2022<br>Billed | TIME<br>G:12733 | Paralegal<br>Preparation<br>1/7/2023  BAG - TRU MOBILITY | 1.75<br>0.00<br>0.00 | 200.00<br>T@1 | 350.00 |
| Preparation of matters with case and discovery. | | | 0.00 | | |
| 19134<br>12/6/2022<br>Billed | TIME<br>G:12733 | Paralegal<br>Preparation<br>1/7/2023  BAG - TRU MOBILITY | 0.75<br>0.00<br>0.00 | 200.00<br>T@1 | 150.00 |
| Preparation of matters with case and discovery. | | | 0.00 | | |
| 19142<br>12/13/2022<br>Billed | TIME<br>G:12733 | Paralegal<br>Preparation<br>1/7/2023  BAG - TRU MOBILITY | 1.25<br>0.00<br>0.00 | 200.00<br>T@1 | 250.00 |
| Preparation of matters with case and discovery. | | | 0.00 | | |
| 19220<br>1/12/2023<br>Billed | TIME<br>G:12751 | Paralegal<br>Preparation<br>2/1/2023  BAG - TRU MOBILITY | 1.50<br>0.00<br>0.00 | 200.00<br>T@1 | 300.00 |
| Preparation of matters with case and discovery. | | | 0.00 | | |
| 19224<br>1/17/2023<br>Billed | TIME<br>G:12751 | Paralegal<br>Preparation<br>2/1/2023  BAG - TRU MOBILITY | 0.75<br>0.00<br>0.00 | 200.00<br>T@1 | 150.00 |
| Preparation of matters with case and dispositive<br>motion. | | | 0.00 | | |
| 19232<br>1/25/2023<br>Billed | TIME<br>G:12751 | Paralegal<br>Preparation<br>2/1/2023  BAG - TRU MOBILITY | 2.25<br>0.00<br>0.00 | 200.00<br>T@1 | 450.00 |
| Preparation of matters with case and dispositive<br>motion. | | | 0.00 | | |
| 19234<br>1/26/2023<br>Billed | TIME<br>G:12751 | Paralegal<br>Preparation<br>2/1/2023  BAG - TRU MOBILITY | 2.00<br>0.00<br>0.00 | 200.00<br>T@1 | 400.00 |
| Preparation of matters with case and dispositive<br>motion. | | | 0.00 | | |
| 19323<br>1/30/2023<br>Billed | TIME<br>G:12766 | Paralegal<br>Preparation<br>3/4/2023  BAG - TRU MOBILITY | 4.00<br>0.00<br>0.00 | 200.00<br>T@1 | 800.00 |
| Preparation of matters with case and summary<br>judgment. | | | 0.00 | | |

**567**

| Slip ID<br>Dates and Time<br>Posting Status<br>Description | | | Timekeeper<br>Activity<br>Client<br>Reference | Units<br>DNB Time<br>Est. Time<br>Variance | Rate<br>Rate Info<br>Bill Status | Slip Value |
|---|---|---|---|---|---|---|
| 19334<br>2/8/2023<br>Billed | TIME<br><br>G:12766 | <br><br>3/4/2023 | Paralegal<br>Preparation<br>BAG - TRU MOBILITY | 2.25<br>0.00<br>0.00 | 200.00<br>T@1 | 450.00 |
| Preparation of matters with case and summary judgment. | | | | 0.00 | | |
| 19438<br>2/28/2023<br>Billed | TIME<br><br>G:12781 | <br><br>4/3/2023 | Paralegal<br>Preparation<br>BAG - TRU MOBILITY | 0.75<br>0.00<br>0.00 | 200.00<br>T@1 | 150.00 |
| Preparation of matters with case and summary judgment. | | | | 0.00 | | |
| 19455<br>3/9/2023<br>Billed | TIME<br><br>G:12781 | <br><br>4/3/2023 | Paralegal<br>Preparation<br>BAG - TRU MOBILITY | 0.50<br>0.00<br>0.00 | 200.00<br>T@1 | 100.00 |
| Preparation of matters with case and pleadings for claim. | | | | 0.00 | | |
| 19469<br>3/20/2023<br>Billed | TIME<br><br>G:12781 | <br><br>4/3/2023 | Paralegal<br>Preparation<br>BAG - TRU MOBILITY | 0.75<br>0.00<br>0.00 | 200.00<br>T@1 | 150.00 |
| Preparation of matters with case and summary judgment. | | | | 0.00 | | |

| Grand Total | | | | | | |
|---|---|---|---|---|---|---|
| | | | Billable | 129.50 | | 23225.00 |
| | | | Unbillable | 0.00 | | 0.00 |
| | | | Total | 129.50 | | 23225.00 |

**568**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

TRU MOBILITY, INC.,
    Plaintiff,

vs.

                                            Case No. 5:21-cv-04071-JAR

BRIGGS AUTO GROUP, INC.,
    Defendant.

### NOTICE OF APPEAL

Plaintiff Tru Mobility, Inc., gives notice under Fed. R. App. P. 4(a)(1)(A) that it appeals to the United States Court of Appeals for the Tenth Circuit from the final judgment that this Court entered on April 17, 2023 (Doc. 83) and all prior and subsequent orders entered in this case, specifically including but not limited to the Court's order of April 17, 2023 granting Defendant Briggs Auto Group, Inc.'s motion for summary judgment (Doc. 82).

Respectfully submitted,

*Jonathan Sternberg, Attorney, P.C.*

by /s/Jonathan Sternberg
    Jonathan Sternberg, Kan. #25902
    2323 Grand Boulevard #1100
    Kansas City, Missouri 64108
    Telephone: (816) 292-7020
    Facsimile: (816) 292-7050
    jonathan@sternberg-law.com

    COUNSEL FOR PLAINTIFF
    TRU MOBILITY, INC.

Certificate of Service

I certify that on May 17, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent electronic notification of that filing to Mr. Terry A. Iles, 214 SW 6th Avenue, Suite 301, Topeka, Kansas 66603, counsel for the defendant.

/s/Jonathan Sternberg
Attorney

**569**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In re:<br><br>**TRU MOBILITY, INC.**<br><br>          **Plaintiff,**<br><br>**vs**<br><br>**BRIGGS AUTO GROUP, INC.,**<br><br>          **Defendant.** | **Case No. 5:21-cv-04071-JAR-TJJ**<br><br>**[Formerly District Court of Riley County, KS, Case No. RL-2021-CV-000099]** |

### PLAINTIFFS RESPONSE TO DEFENDANTS MOTION
### FOR ATTORNEYS FEES AND STATEMENT OF CONSULTATION

**COMES NOW** Plaintiff pursuant to Rule 54.2(e) of the Rules of this Court and for its response to Defendant's Motion for Attorney Fees and for its Statement of Consolidation states:

1      The Defendant seeks to recover $137,964.02 in attorney's fees, paralegal fees, costs, and expenses.

2      Rule 54.2 requires a consultation between the parties seeking an award of attorney's fees. Plaintiff and Defendant, through counsel did in fact meet in an attempt to reach an agreement. Unfortunately, that attempt was not successful.

3      On June 20, 2023, the Defendant filed its Statement of Consultation which accurately reflects the meeting between the parties and the fact that no agreement was reached.

4      The Plaintiff further disputes the Defendant's Motion for attorney's fees for the reasons that the time and costs in the request are improperly documented. In addition, much of the time and effort expended by the defendant was for the prosecution of its counterclaim which ultimately was dismissed.

**WHEREFORE**, having responded and complied with Rule 54.2 of this Court, Plaintiff prays the Court for an order denying Defendants Motion for Attorney's Fees and Expenses, and for such other and further relief as adjusted profit.

Respectfully submitted,
**BERMAN, DeLEVE, KUCHAN & CHAPMAN, LLC**

By: **/s/ Ronald S. Weiss**
      Ronald S. Weiss, KS #70349
      1100 Main Street, Suite 2850
      Kansas City, MO  64105
      (816) 471-5900 / FAX (816) 842-9955
      rweiss@bdkc.com
      **ATTORNEY FOR PLAINTIFF**

**570**

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that the Response was electronically filed with the Clerk of the U.S. District Court on this the 30th day of June 2023, by using the CM/ECF system, which will send electronic notice to the following:

Terry A. Iles
LAW OFFICE OF TERRY A. ILES
The Liberty Building
214 SW 6th Avenue, Suite 301
Topeka, KS 66603
Email: terryiles@ileslawoffice.com

/ s /   ***Ronald S. Weiss***
      Ronald S. Weiss, KS #70349

**571**

Terry A. Iles,         #17133
LAW OFFICE OF TERRY A. ILES
The Liberty Building
214 SW 6th Avenue, Suite 301
Topeka, KS 66603
785/232-2777

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **TRU MOBILITIY, INC.** | ) | |
| | ) | |
| **Plaintiff/Counterclaim Defendant,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 5:21-cv-04071-JAR-TJJ** |
| | ) | |
| **BRIGGS AUTO GROUP, INC.** | ) | **[Formerly District Court of Riley** |
| | ) | **County, Kansas, Case No. RL-2021** |
| **Defendant/Counterclaim Plaintiff.** | ) | **CV-000099]** |
| | ) | |

## DEFENDANT'S REPLY IN SUPPORT OF ITS
## MOTION FOR ATTORNEY FEES AND COSTS

The Defendant, Briggs Auto Group, Inc. ("Briggs") by and through counsel Terry A. Iles of the Law Office of Terry A. Iles, hereby respectfully submits Defendant's Reply in Support of Its Motion for Attorney Fees and Costs.

Specific arguments are addressed in more detail below.

First, in paragraph 4 of its Response, the Plaintiff argues that the Defendant's said Motion is disputed when the time and costs are improperly documents. Yet, the Plaintiff fails to address *what* time and costs were improperly documented when it relies merely upon a conclusory argument.  (emphasis added)  As such, the Plaintiff argument is woefully misplaced and should not be accepted by this Court.

Attached to the Motion for Attorney Fees are detailed time records that specifically address all time spent and expenses incurred by the Law Office of Terry A. Iles in bringing this matter to

**572**

a successful conclusion.  The time records detail the date the task was performed, the task itself, the amount of time expended on the task, the hourly rate applied on the date of the take, and the total charge for the task.  Notwithstanding the Plaintiff's argument to the contrary, these records properly document all time spent and all costs incurred.  Not only was time and costs properly documented, the reasonable attorney fees, paralegal fees and expenses have been fully paid by Defendant Briggs.  Just as important, Defendant Briggs has not disputed any fees or expenses as not being reasonable or because such time and costs were not properly documented.

Finally, the Plaintiff argues in paragraph 4 of its Response that much of the time and effort expended by Defendant Briggs was for the prosecution of its counterclaim, which was ultimately dismissed.  Yet, the Plaintiff fails to establish how this argument should be applied in denying the Defendant's Motion for Attorney Fees, when Defendant Briggs was granted summary judgment on the Plaintiff's claims, which contained the majority of the issues in this lawsuit.  Just as important, the Plaintiff failed to demonstrate how the contract or Florida law applies to such a comment.

Admittedly, Defendant Briggs dismissed its counterclaims.  Yet, the Plaintiff was not the prevailing party on such claims, because Defendant Briggs dismissed the claims without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A).  *See United States v. $70,670.00 in U.S. Currency, 929 F.3d 1293, 1303 (11th Cir. 2019), cert. denied sub nom. Salgado v. United States*, —— U.S. ——, 140 S. Ct. 2640, 206 L.Ed.2d 713 (2020), (holding that a dismissal without prejudice as a result of a motion for voluntary dismissal "places no judicial <u>imprimatur</u> on the legal relationship of the parties, which is the touchstone of the prevailing party inquiry." (quotations omitted)).  *See also Lorillard Tobacco Co. v. Engida*, 611 F.3d 1209, 1215 (10th Cir. 2010), ("Voluntary dismissal of an action ordinarily does not create a prevailing party[.]"); *RFR Indus., Inc. v. Century Steps, Inc.*,

**573**

477 F.3d 1348, 1353 (Fed. Cir. 2007), (holding that "a plaintiff's voluntary dismissal without prejudice pursuant to Rule 41(a)(1)[(A)](i) does not bestow 'prevailing party' status upon the defendant."). Essentially, under the plain language of the Rule, this form of dismissal is "without a court order," Fed. R. Civ. P. 41(a)(1), and therefore the district court placed no judicial imprimatur on the disposition of Plaintiff's attempt to change its legal relationship with Defendant Briggs. *See Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990), (noting that a dismissal under the Rule "is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is required.").

This matter involved various claims asserted by both parties, with a majority of the issues involved in this lawsuit with the Plaintiff's claims. The Florida Supreme Court has determined that "the party prevailing on the significant issues in the litigation is the party that should be considered the prevailing party for attorney's fees." *Moritz v. Hoyt Enterprises, Inc.*, 604 So. 2d 807, 810 (Fla. 1992). Florida courts have heeded this guidance by recognizing an exception to the voluntary dismissal rule and permitting courts to "look behind a voluntary dismissal at the facts of the litigation to determine if a party has prevailed." *Residents for a Better Cmty. v. WCI Communities, Inc.*, 291 So. 3d 632, 634 (Fla. Dist. Ct. App. 2020); *see also Radosevich v. Bank of New York Mellon*, 245 So. 3d 877, 881 (Fla. Dist. Ct. App. 2018); *Blue Infiniti, LLC v. Wilson*, 170 So. 3d 136, 138–39 (Fla. Dist. Ct. App. 2015); *Tubbs v. Mechanik Nuccio Hearne & Wester, P.A.*, 125 So. 3d 1034, 1041 (Fla. Dist. Ct. App. 2013); *Padow v. Knollwood Club Ass'n, Inc.*, 839 So. 2d 744, 746 (Fla. Dist. Ct. App. 2003), (recognizing exception). Florida courts "look to the substance of litigation outcomes -- not just procedural maneuvers -- in determining the issue of which party has prevailed in an action." *Residents for a Better Cmty. v. WCI Communities, Inc.*, 291 So. 3d 632, 634 (Fla. Dist. Ct. App. 2020)

Here, the majority of the issues involved in this lawsuit involved the Plaintiff's claims against Defendant Briggs.  In fact, all issues addressed in summary judgment only involved such issues.  Nothing was addressed in summary judgment relating to the counterclaims asserted by Defendant Briggs.  As such, this Honorable Court only determined the merits of the claims asserted by the Plaintiff when it ruled in favor of Defendant Briggs, and it never ruled on the merits of any counterclaim asserted.  And because Defendant Briggs prevailed on the significant issues in this litigation, it should be considered the prevailing party for purposes of awarding attorney's fees and expenses.

*See Boxer Max Corp. v. Cane A. Sucre, Inc.*, 905 So. 2d 916, 918 (Fla. Dist. Ct. App. 2005), ("The "prevailing party", for purposes of attorney's fees, is a party which the trial court determines prevailed on significant issues in the litigation."), (citations omitted).

**WHEREFORE**, based upon the foregoing, the Defendant's Motion for Attorney Fees and Expenses should be granted in its entirety and Defendant Briggs is seeking an Order for the recovery of $137,964.02 in attorney fees, paralegal fees, costs and expenses incurred in this lawsuit as further provided in the said Motion.  Defendant Briggs also request such other appropriate relief as this Court deems just, equitable and proper.

Respectfully submitted,

*/s/  Terry A. Iles*
Terry A. Iles,                    #17133
LAW OFFICE OF TERRY A. ILES
The Liberty Building
214 SW 6th Avenue, Suite 301
Topeka, KS 66603
TEL:  785/232-2777
FAX:  785/232-0606
Email:  terryiles@ileslawoffice.com
ATTORNEY FOR DEFENDANT

**575**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the REPLY was electronically filed with the Clerk of the United States District Court using the CM/ECF system on this the 12th day of July 2023, which sent notification of such filing to the following:

Ron Weiss
Berman, DeLeve, Kuchan & Chapman, LLC
1100 Main, Suite 2850
Kansas City, MO  64510
Email:  rweiss@bekc.com and ptoliver@bekc.com


/s/  Terry A. Iles
Terry A. Iles,                        #17133

**576**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TRU MOBILITY, INC.,

   Plaintiff,

   v.           Case No. 5:21-CV-04071-JAR-TJJ

BRIGGS AUTO GROUP, INC.,

   Defendant.

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Briggs Auto Group, Inc.'s Motion for

Attorneys Fees (Doc. 84).  The motion is fully briefed, and the Court is prepared to rule.  For the

reasons explained below, the Court grants Defendant's motion and awards it $137,401.52.

## I.  Background

In 2017, Defendant executed three contracts with Plaintiff for various telecommunication

products and services.[1]  Each of these three contracts incorporated by reference an Addendum to

Contracts[2] as well as a separate Standard Terms and Conditions document.[3]  All of these

contracts are governed by Florida law.  In 2021, Plaintiff brought this diversity action against

Defendant for breach of the three contracts, alleging that Defendant failed to pay the early

termination fees that it owed Plaintiff for terminating the contracts prior to the end of the agreed-

upon term.  Each of the three contracts at issue here were governed by a separate Standard Terms

and Conditions document, which provides in relevant part:

> **Attorneys' Fees and Costs.**  The prevailing party in any litigation
> and/or arbitration arising from or related to this Agreement shall be

---

[1] Docs. 73-6, 73-7, 73-8.

[2] Doc. 73-9.

[3] Doc. 73-10.

**577**

entitled to recover from the non-prevailing party all reasonable attorneys' fees and costs incurred in the litigation and/or arbitration.[4]

On April 17, 2023, the Court granted summary judgment in favor of Defendant.[5] Defendant filed the present motion on May 1, 2023, seeking to recover $137,964.02 in contractual attorney fees, costs, and expenses.[6]  On June 8, 2023, the Court issued an Order directing the parties to meet and confer on Defendant's motion and either file an appropriate stipulation indicating that they have reached an agreement, or file a statement of consultation in accordance with D. Kan. Rule 54.2(d) and fully brief the motion.[7]

In accordance with the Court's Order, Defendant filed a Statement regarding the Order on Motion for Attorney Fees, explaining that the parties had met and conferred in good faith but had failed to reach an agreement on Defendant's motion.[8]  Plaintiff confirmed in its Response that the consultation had taken place in good faith and that no agreement had been reached.[9]  Plaintiff also explained that it "disputes" Defendant's motion "for the reasons that the time and costs in the request are improperly documented," and because "much of the time and effort expended by the defendant was for the prosecution of its counterclaim which ultimately was dismissed."[10] Defendant thereafter filed a Reply in Support of its Motion for Attorney Fees and Costs, reiterating its requests, and addressing the response.[11]

---

[4] Doc. 73-10 § 17.6(C).

[5] Docs. 82, 83.

[6] Doc. 84.

[7] Doc. 91.

[8] Doc. 92.

[9] Doc. 93.

[10] *Id*.

[11] Doc. 94.

**578**

## II.     Discussion

### A.     Entitlement

The general rule in American litigation is that each party in a lawsuit will bear its own attorneys' fees.[12]  However, there is a contractual exception to this rule.  Under Florida law, which governs this dispute,[13] "attorneys' fees may be awarded to the prevailing party pursuant to a contractual agreement authorizing their recovery."[14]  The burden is on the party seeking attorneys' fees to establish entitlement to them.[15]  "The Court does not have discretion to decline to enforce a contractual provision awarding attorneys' fees."[16]  Thus, a "contractual attorney's fee provision must be strictly construed."[17]  "Florida courts have explained that 'if an agreement for one party to pay another party's attorney's fees is to be enforced it must unambiguously state that intention and clearly identify the matter in which the attorney's fees are recoverable.'"[18]

Defendant argues that it is entitled to attorney's fees, paralegal fees, costs, and expenses pursuant to the Attorneys' Fees and Costs provision in the Standard Terms and Conditions.

---

[12] See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res., 532 U.S. 598, 602 (2001) (citing Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975)).

[13] Indeed, the Tenth Circuit has found that "the matter of attorney's fees in a diversity suit is substantive and is controlled by state law," and has instructed district courts sitting in diversity to "apply the substantive law of the state in which it sits, including the forum state's choice-of-law rules." Boyd Rosene & Assocs. V. Kan. Mun. Gas Agency, 123 F.3d 1351, 1352 (10th Cir. 1997).  Kansas's choice-of-law rules provide that "[w]hen a contract incorporates a choice of law provision, Kansas courts effectuate the law chosen by the parties to control the agreement." Servi-Tech, Inc. v. Olson, No. 17-01148-EFM-JPO, 2017 WL 3839418, at *3 (D. Kan. Sept. 1, 2017) (citing Brenner v. Oppenheimer & Co., 44 P.3d 364 (2002)).  Because the contracts at issue here call for the application of Florida law, Florida law governs the attorney's fees dispute just as it governed the breach of contract dispute.

[14] Provident Bank v. Miller, No. 22-CV-81665, 2023 WL 3079700, at *1 (S.D. Fla. Apr. 4, 2023) (citing Price v. Tyler, 890 So. 2d 246, 250 (Fla. 2004)).

[15] Id. (citing Celera Telecom Ltd. v. LDI Networks, Inc., No. 21-20324-CIV, 2022 WL 2341156, at *2 (S.D. Fla. May 2, 2022)).

[16] Id. (citing Brickell Bay Club Condo. Ass'n, Inc. v. Forte, 397 So. 2d 959, 960 (Fla. Dist. Ct. App. 1981)).

[17] B&H Constr. & Supply Co. v. Dist. Bd. of Trustees of Tallahassee Cmty. Coll., 542 So. 2d 382, 387 (Fla. Dist. Ct. App. 1989) (citation omitted).

[18] Int'l Fidelity Ins. Co. v. Americaribe-Moriarty JV, 906 F.3d 1329, 1336 (11th Cir. 2018) (quoting Sholkoff v. Boca Raton Cmty. Hosp., Inc., 693 So. 2d 1114, 1118 (Fla. Dist. Ct. App. 1997)).

**579**

Plaintiff makes no objection to Defendant's entitlement arguments.  Strictly construing the attorney fees provision, the Court finds that it applies to the matter at hand.  Indeed, "Florida law explicitly provides that 'claims arise out of a contract if they are inextricably intertwined with the contract.'"[19]  Clearly, Plaintiff's breach of contract claim is inextricably intertwined with the Standard Terms and Conditions contract which was incorporated by reference into each of the three contracts that Plaintiff claimed Defendant breached.  Therefore, the Court finds that Defendant is entitled to all reasonable attorney fees incurred in this litigation.

The Court also notes that, while not explicitly included in the contract, Florida law dictates that "awards of attorneys' fees should include the time and labor of legal assistants who contributed nonclerical, meaningful legal support."[20]  Thus, the Court is satisfied that Defendant is also entitled to recover its paralegal fees.

Finally, the Court turns to Defendant's request for costs and expenses.  Defendant states that it seeks to recover costs and expenses pursuant to both the contract language as well as Fed. R. Civ. P. 54.  However, the Court construes Defendant's request as one for recovery of nontaxable expenses, as opposed to taxable costs governed by Rule 54,[21] as the expenses it seeks to recover—for depositions, mediation, and postage—are not found on the list of taxable costs

---

[19] *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1163 (11th Cir. 2017) (quoting *Dolphin LLC v. WCI Cmties., Inc.*, 715 F.3d 1243, 1250 (11th Cir. 2013)).

[20] *Sirgany Int'l. of Orlando, Inc. v. Greater Orlander Aviation Auth.*, No. 82-501-CIV-ORL-19, 1988 WL 493668, at *6 (M.D. Fla. July 5, 1988) ("Furthermore, the Florida legislature has now required by statute, effective October 1, 1987, that awards of attorneys' fees should include the time and labor of legal assistants who contributed nonclerical, meaningful legal support.") (citing Fla. Stat. § 57.104).

[21] To the extent Defendant seeks to also recover taxable costs under Fed. R. Civ. P. 54, the Court directs Defendant to adhere to D. Kan. Rule 54.1.

**580**

under 28 U.S.C. § 1920.[22]  Given the contractual language here, the Court finds that Defendant is entitled to recovery of such nontaxable expenses.[23]

## B.    Amount

To determine the proper amount of attorney's fees to be awarded under Florida law, the Court must calculate the lodestar.  The lodestar method "requires the court to determine the number of hours reasonably expended on the litigation," and "a reasonable hourly rate for the services of the prevailing party's attorney."[24]  In *Rowe*, the Florida Supreme Court outlined the factors to be considered in determining what hours and what rates are reasonable for a particular case:

> (1) The time and labor required, the novelty and difficulty of the question involved, and the skill requisite to perform the legal service properly.  (2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.  (3) The fee customarily charged in the locality for similar legal services.  (4) The amount involved and the results obtained.  (5) The time limitations imposed by the client or by the circumstances.  (6) The nature and length of the professional relationship with the client.  (7) The experience, reputation, and ability of the lawyer or lawyers performing the services.  (8) Whether the fee is fixed or contingent.[25]

---

[22] The following costs are recoverable under 28 U.S.C. § 1920: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursement for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees; (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services.

[23] *See, e.g., Apple Glen Inv'rs v. Express Scripts, Inc.*, No. 8:14-cv-1527, 2018 WL 2945629, at *18 (M.D. Fla. May 25, 2018) (noting that the Eleventh Circuit held that the contract language "attorney's fees and costs" was "broad enough language to cover the award of both taxable and nontaxable costs.") (quoting *Yellow Pages Photos, Inc.*, 846 F.3d at 1166)).

[24] *Fla. Patient's Comp. Fund. v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985).

[25] *Id*.

**581**

"The number of hours reasonably expended, determined in the first step, multiplied by a reasonable hourly rate, determined in the second step, produces the lodestar."[26]   The determination of fee awards falls "within the sound discretion of the trial court."[27]

Defendant seeks $137,964.02 in attorney's fees, paralegal fees, costs, and expenses incurred in defending against Plaintiff's lawsuit.  Specifically, Defendant seeks $111,587.50 in attorney's fees for 320.6 hours spent; $23,225.00 in paralegal fees for 129.50 hours spent; and $3,151.52 in costs and expenses.  At the beginning of the representation, Defendant's counsel charged an hourly rate of $350 for his time and $175 for his paralegal's time.  He then increased his attorney's fees to $375 for a time but towards the end of the representation, he charged an hourly rate of $425 for his time and $200 for his paralegal's time.  Finally, Defendant seeks to recover $3,151.52 in nontaxable expenses incurred for depositions, mediation, and postage.

### 1.      Attorney and Paralegal Fees

As set forth above, to determine the reasonableness of the requested fees under Florida law, the Court must first determine a reasonable number of hours expended on the litigation, and then must determine a reasonable hourly rate for the services of the prevailing party's attorney.

### a.      Reasonable Number of Hours

Defendant seeks compensation for 320.60 hours of attorney's fees for his work on this matter, and 129.50 hours of paralegal's fees for his paralegal's work on this matter.  In support of the reasonableness of the hours requested, Defendant's counsel submitted affidavits and detailed time records for both himself and his paralegal.[28]  Plaintiff does not make any specific objection to the amount of hours Defendant seeks compensation for; rather, Plaintiff argues that "the time

---

[26] *Id.*

[27] *River Bridge Corp. v. Am. Somax Ventures*, 76 So. 3d 986, 989 (Fla. Dist. Ct. App. 2011).

[28] Doc. 84, Exs. A, B.

**582**

and costs in the request are improperly documented" and that Defendant should not be compensated for time spent on the "prosecution of its counterclaim which was ultimately dismissed."[29]   The Court addresses each objection in turn, and then turns to the *Rowe* factors.

First, Plaintiff asserts a vague objection that Defendant's time and costs are improperly documented.  In response, Defendant argues that the provided time records are sufficiently detailed as they included the date, the task itself, the time spent on the task, the hourly rate applied on the date of the task, and the total charge of the task.  Defendant also points to the fact that his client has already paid these fees and expenses in full without any objection to the documentation for them.

The Court is satisfied that the time and charges in Defendant's request is properly documented.  Defendant provided detailed time records for his work and his paralegal's work which the Court finds provide sufficient detail.  While nearly all of Defendant's counsel's time records include the rather vague phrase "preparation of matters with case," nearly all of them also state with specificity the exact issue he was working on, such as preparation of disclosures, preparation of answer and counterclaim, preparation of discovery requests, etc.  This conclusion is further supported by the fact that Defendant has already paid its counsel in full without objecting to any of the documentation.  Therefore, without a more specific objection from Plaintiff, the Court finds that the time and costs set forth in Defendant's requests are properly documented.

Second, Plaintiff objects to Defendant's request to the extent it is seeking compensation for time spent on its counterclaim which it ultimately voluntarily dismissed.  Defendant argues in response that it is entitled to its requested attorney's fees on these hours, notwithstanding the fact

---

[29] Doc. 93.

**583**

that the counterclaims were voluntarily dismissed, because Defendant was the prevailing party

on the significant issues in the litigation.  The Court agrees.  Under Florida law, "the party

prevailing on the significant issues in the litigation is the party that should be considered the

prevailing party for attorney's fees."[30]  Moreover, in a breach of contract action such as this one,

"one party must prevail."[31]  Even though Defendant's counterclaims were technically separate

claims from Plaintiff's breach of contract claims, because the claims involved "a 'common core'

of facts and [were] based on 'related legal theories,'" the Court finds it unnecessary to separate

out the time Defendant spent preparing its counterclaims from the time spent preparing its

defense.[32]

Having resolved Plaintiff's two objections, the Court turns to the *Rowe* factors to

determine whether the requested number of hours, 320.60 by Defendant's attorney and 129.50 by

his paralegal, is reasonable.  Defendant does not address the *Rowe* factors in this section of its

motion, but rather addresses all of them in the section about the reasonableness of his requested

hourly rates.  The Florida Supreme Court instructs that "[t]he 'time and labor required' and the

'novelty and difficulty of the question involved'" factor should be "taken into account in

calculating the reasonable number of hours."[33]

As to this *Rowe* factor, Defendant asserts that defending this lawsuit "has been an

extensive undertaking that has been very complex" given the problems with telecommunications

and contract law.[34]  Defendant also argues that numerous issues arose "that necessitated a very

---

[30] *Moritz v. Hoyt Enters., Inc.*, 604 So. 2d 807, 810 (Fla. 1992).

[31] *Green Cos. v. Kendall Racquetball Inv.*, 658 So. 2d 1119, 1121 (Fla. Dist. Ct. App. 1995).

[32] *Anglia Jacs & Co. v. Dubin*, 830 So. 2d 169, 172 (Fla. Dist. Ct. App. 2002).

[33] *Joyce v. Federated Nat'l Ins. Co.*, 228 So. 3d 1122, 1126 n.1 (Fla. 2017) (quoting *Rowe*, 472 So. 2d at 1150).

[34] Doc. 84 at 6.

**584**

high skill level necessary to properly perform the legal services," and that "extensive time and labor" were required to "bring this lawsuit to a successful conclusion."[35]  Given this showing by Defendant, and the fact that Plaintiff does not object, the Court is satisfied that the amount of hours requested are reasonable.  Thus, the Court will include the requested hours—320.60 for Defendant's attorney and 129.50 for his paralegal—when calculating the lodestar.

### b.    Reasonable Hourly Rate

Defendant's counsel's hourly rate was $350.00 at the beginning of his representation, and $425.00 towards the end; his paralegal's hourly rate was $175.00 at the beginning of the case and $200 towards the end.  Plaintiff makes no objection to these rates or the total amount Defendant requests.  Defendant "bears the burden of establishing that the requested hourly rates are the 'prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.'"[36]  Generally, the relevant market for purposes of determining the reasonably hourly rate for an attorney's services is the place where the lawsuit was filed.[37]

To satisfy its burden, Defendant offers affidavits from its counsel and his paralegal. Additionally, Defendant makes specific arguments addressing all of the *Rowe* factors to support its position that the requested rates are reasonable, including: that as a solo practitioner, its counsel had to forego accepting other new clients in order to successfully defend the claims in this case; that the fee amounts are lower than hourly fees customarily charged in Topeka, Kansas

---

[35] *Id.*

[36] *Star2Star Comm., LLC v. AMG Grp. Of Brunswick, LLC*, No. 8:20-2078, 2022 WL 17326879, at *2 (M.D. Fla. Nov. 8, 2022) (quoting *Renniger v. Phillips & Cohn Assocs., Ltd.*, No. 8:10-cv-5-T-33EAJ, 2010 WL 3259417, at *2 (M.D. Fla. Aug. 18, 2020)) (citing *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)).

[37] *Am. Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (quoting *Cullens v. Georgia Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994)).

585

for like cases; that counsel has been representing Defendant since 1999; and that counsel's reputation warrants the fees requested.[38]

At the outset, the Court notes that the evidence Defendant relies upon to establish the reasonableness of the requested hourly rates is insufficient.  Indeed, aside from the aforementioned argument in its motion, Defendant relies solely on affidavits from its counsel and his paralegal which, standing alone, is generally not satisfactory evidence of the prevailing hourly rates.[39]  Moreover, neither the affidavits nor the motion provide the Court with any evidence of similar rates being charged and approved in matters of similar complexity, relying instead on conclusory statements that the rates requested are lower that what is customarily charged in Topeka, Kansas.  Nonetheless, the Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees."[40]  Further, Plaintiff has not objected to the hourly rates sought by Defendant.[41]

In recent years, courts in this district have found rates between $175 to $625 reasonable based on the attorney's experience with litigation.[42]  For example, in *Lawson v. Spirit AeroSystems, Inc.*, the court found the rate of $625 per hour reasonable for a partner with 27 years' experience and the rate of $425 per hour for counsel with 13 years' experience

---

[38] In *Rowe*, the Florida Supreme Court explained that for this inquiry, the trial court should take into account all of the factors except the "time and labor required," the "novelty and difficult of the question involved," the "results obtained," and "whether the fee is fixed or contingent."  *See Rowe* 472 So. 2d at 1150–51.  Therefore, the Court disregards Defendant's arguments as to these factors.

[39] *Star2Star Comm., LLC*, 2022 WL 17326879 at *2; *Norman*, 836 F.2d at 1299 ("Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work.") (citing *Blum v. Stenson*, 465 U.S. 886, 869 n.11 (1984)).

[40] *Star2Star Comm., LLC*, 2022 WL 17326879 at *2 (quoting *Norman*, 836 F.2d at 1303).

[41] *See Alfiniti, Inc. v. Prime Glob. Grp., Inc.*, No. 6:17-cv-1382, 2021 WL 2430904, at *4 (M.D. Fla. Mar. 4, 2021) (applying the court's expertise to find hourly rates reasonable despite insufficient supporting evidence where defendant did not object to requested rates).

[42] *See, e.g., M.B. v. Howard*, 555 F. Supp. 3d 1047, 1063 (D. Kan. 2021) (citations omitted).

**586**

reasonable.[43]  Similarly, in *Animal Legal Defense Fund v. Kelly*, the court found the hourly rate of $500 for the most experienced attorney to be reasonable.[44]  Based on these cases, and the fact that Defendant's attorney here has 27 years of experience in complex civil litigation, the Court finds that the requested hourly rates of $350 and $425 are more than reasonable.  Therefore, the Court will use $350 and $425 respectively to calculate the lodestar for Defendant's counsel's fees.

As for Defendant's counsel's paralegal, the Court should "scrutinize [paralegal and legal assistants'] hours and the suggested rates in the same manner is scrutinizes lawyer time and rates."[45]  As set forth above, Defendant asserts that $175 and $200 hourly rates for a paralegal's time is lower than prevailing market rates.  The Court disagrees.  In 2021, the District of Kansas noted that "[r]ecent rulings of our court and the Western District of Missouri will not support a rate of $200 an hour for either paralegals or law students," and cited cases approving paralegal rates of $125 and $150 per hour. [46]  A 2017 case from this District, however, did approve a proposed paralegal rate of $175 where there were no objections from the other side and no evidence presented to the court regarding what rates might be reasonable for such paralegals.[47]  Taking these cases together, the Court finds that an hourly rate of $175 for the paralegal's time is

---

[43] No. 18-1100-EFM-ADM, 2020 WL 6343292, at *16–17 (D. Kan. Oct. 29, 2020).

[44] No. 18-2657-KHV, 2020 WL 4000905 (D. Kan. July 15, 2020).

[45] *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1256 (10th Cir. 1998) (quoting *Ramos v. Lamm*, 713 F.2d 546, 558–59 (10th Cir. 1983)).

[46] *Howard*, 555 F. Supp. 3d at 1073 (first citing *Animal Legal Def. Fund v. Kelly*, No. 18-2657-KHV, 2020 WL 4000905, at *9 (D. Kan. July 15, 2020) (finding hourly rate of $125 per hour reasonable for paralegals and law students); and then citing *M.B. v. Tidball*, No. 2:17-cv-4102, 2020 WL 1666159, at *6 (W.D. Mo. Apr. 3, 2020) (holding $150 per hour reasonable for paralegals)).

[47] *See Tripp v. Berman & Rabin P.A.*, No. 14-cv-2646-DDC-GEB, 2017 WL 2289500, at *6 (D. Kan. May 25, 2017).

**587**

reasonable given her 39 years of experience; but $200 is not. Therefore, the Court will use the hourly rate of $175 to calculate the lodestar for the paralegal's fees.

### c.      Lodestar Calculation[48]

Based on the above findings, the Court calculates the lodestar for Defendant's counsel's fees as $350 times 41.25 hours charged ($14,437); plus $375 times 148.85 hours charged ($55,818.75); and plus $425 times 97.25 hours charged ($41,331.25); resulting in a total attorney's fee award of $111,587.50. The Court calculates the lodestar for paralegal fees as $175 times 129.5 hours spent, resulting in a total paralegal fee award of $22,662.50.

### d.      Nontaxable Expenses

Defendant also seeks to recover $3,151.52 in nontaxable expenses: $2.42 for postage; $1,721.45 in costs related to the deposition of Barnett; $998.75 in costs related to mediation; and $428.90 in costs related to the deposition of Housman. Plaintiff makes no specific objection to Defendant's request for recovery of these expenses. As set forth above, the contractual language here entitles Defendant to recover expenses beyond those enumerated as taxable in 28 U.S.C. § 1920. Thus, while expenses such as postage, and costs for depositions and mediations are not recoverable under Section 1920, they are recoverable under the parties' contract here, so long as they are reasonable.[49] The Court finds that costs related to postage, depositions, and mediations are all reasonable costs. This is especially true given that Plaintiff has not argued that the costs

---

[48] The Court notes that under Florida law, a trial court can adjust the lodestar amount based on a "contingency risk" factor or a "results obtained" factor. *See Joyce*, 228 So. 3d at 1126 (citing *Rowe*, 472 So. 2d at 1151). However, neither of these factors are applicable here: there is not a contingency fee arrangement here such that a "contingency fee multiplier" should be applied; nor is this a situation where Defendant had success on some claims but was unsuccessful on other unrelated claims such that the "results obtained multiplier" should be applied. *Id.* Therefore, the Court need not consider these factors or adjust the lodestar.

[49] *Am. Infoage, LLC*, 2016 WL 7733983 at *10 ("Litigation expenses are not recoverable under [Section 1920] . . . but are recoverable under the parties' contracts. Similarly, mediation expenses and electronic discovery expenses are not recoverable under [Section 1920], but are recoverable under the parties' contracts.") (citations omitted).

**588**

Defendant seeks are unreasonable or that any particular expense should be disregarded.[50]

Therefore, the Court awards Defendant $3,151.52 in reasonable expenses.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for

Attorneys Fees (Doc. 84) is **granted in part and denied in part** for a total award of

$137,401.52.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter judgment for

the awarded amount.

**IT IS SO ORDERED.**

Dated: August 2, 2023

> S/ Julie A. Robinson
> JULIE A. ROBINSON
> UNITED STATES DISTRICT JUDGE

---

[50] *Apple Glen Inv'rs v. Express Scripts, Inc.*, No. 8:14-cv-1527, 2018 WL 2945629, at *18 (M.D. Fla. May 25, 2018) ("In sum, the defendant has failed to set forth valid objections to the plaintiff's request for costs. Accordingly, I recommend that the plaintiff be compensated for the entire amount of $39,783.12 in costs.").

**589**

# United States District Court

-------------------------- DISTRICT OF KANSAS---------------------------

TRU MOBILITY, INC.,

          **Plaintiff,**

**v.**                               **Case No: 21-4071-JAR**

**BRIGGS AUTO GROUP, INC.,**

          **Defendant.**

## JUDGMENT IN A CIVIL CASE

☐    Jury Verdict.   This action came before the Court for a jury trial.  The issues have been tried and the jury has rendered its verdict.

☒    Decision by the Court.  This action came before the Court.  The issues have been considered and a decision has been rendered.

        **IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Attorneys Fees (Doc. 84) is **granted in part and denied in part** for a total award of $137,401.52.

<u>August 2, 2023</u>                      SKYLER B. O'HARA
      Date                            CLERK OF THE DISTRICT COURT

                                      by:  <u>_s/ Sarah Spegal_</u>
                                                Deputy Clerk

**590**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

TRU MOBILITY, INC.,
      Plaintiff,

vs.

BRIGGS AUTO GROUP, INC.,
      Defendant.

Case No. 5:21-cv-04071-JAR

## NOTICE OF APPEAL

      Plaintiff Tru Mobility, Inc., gives notice under Fed. R. App. P. 4(a)(1)(A) that it appeals to the United States Court of Appeals for the Tenth Circuit from the final judgment that this Court entered on August 2, 2023 (Doc. 96) and all prior and subsequent orders entered in the attorney-fee proceeding in this case, specifically including but not limited to the Court's order of August 2, 2023 granting Defendant Briggs Auto Group, Inc.'s motion for attorney fees (Doc. 95).

Respectfully submitted,

*Jonathan Sternberg, Attorney, P.C.*

by /s/Jonathan Sternberg
    Jonathan Sternberg, Kan. #25902
    2323 Grand Boulevard #1100
    Kansas City, Missouri 64108
    Telephone: (816) 292-7020
    Facsimile: (816) 292-7050
    jonathan@sternberg-law.com

    COUNSEL FOR PLAINTIFF
    TRU MOBILITY, INC.

Certificate of Service

      I certify that on August 7, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent electronic notification of that filing to Mr. Terry A. Iles, 214 SW 6th Avenue, Suite 301, Topeka, Kansas 66603, counsel for the defendant.

/s/Jonathan Sternberg
Attorney

**591**